## H. C. Chaffin, Appellee, v. C. R. Nichols, Alf H. Brown and Globe Surety Company of Kansas City, Missouri.   Globe Surety Company of Kansas City, Missouri, Appellant.

1. APPEAL AND ERROR, § 410*—*when question as to who is proper party plaintiff may not be raised*. The question as to the proper party plaintiff in an action may not be raised for the first time on appeal.

2. MECHANICS' LIENS, § 173*—*who may bring action on contractor's bond given to city conditioned upon payment of claims for labor or materials*. A bond given to a city by a municipal sewer construction contractor, conditioned on the payment of claims for labor and materials and providing that it shall extend to all persons who may become entitled to liens under the contract and may be sued upon by them the same as if to them in proper person, may be enforced by any person entitled to a lien.

3. ASSIGNMENTS, § 2*—*what is chose in action upon which suit may be brought in name of assignee*. A right of action on a bond for payment for labor or materials furnished a contractor constructing a sewer for a city is a chose in action enforceable in an action on the contractor's bond for the benefit of laborers and materialmen and, upon establishment of the lien, may be enforced by an assignee of the claim under Hurd's Rev. St. ch. 110, sec. 18 (J. & A. ¶ 8555), providing that the assignee of any chose in action may sue in his own name.

4. MECHANICS' LIENS, § 134*—*assignability of claim on bond of city construction contractor.* Under section 8 of the Mechanics' Liens Act (J. & A. ¶ 7146), providing that all liens or claims for liens which may arise or accrue under the terms of the act are assignable, a claim on the bond of a city construction contractor for labor performed or materials furnished such contractor is assignable.

5. MECHANICS' LIENS, § 134*—*when assignee of claims may join all in one claim in suit on city construction contractor's bond.* One who procures by assignment claims for labor performed and materials furnished to a contractor for a city sewer construction contract may join such accounts into one claim and maintain a single action on the contractor's bond given to the city for the benefit of those performing labor or furnishing material to the contractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. INTEREST, § 8*—*when due bills issued by construction contractor bear from date of issuance.* Due bills issued by a contractor to those performing labor and furnishing material to a contractor constructing a sewer for a city, reciting that there is due the respective parties the amount of money stated in the respective due bills, bear interest at the rate of 5 per cent. after issuance.

Appeal from the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

ROSE & McCOLLUM, for appellant.

J. L. BOYLES and J. H. SMITH, for appellee; B. H. CANBY, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

It appears from the record in this case that on about the 23rd day of August, 1912, the defendants Nichols & Brown entered into an agreement with the City of Flora, Illinois, for the construction and building of a system of sanitary sewers, with an outlet for the same. At the time of the entering into said contract the defendants Nichols & Brown were required to give bond for the performance of the same, for the protection of the city and of those furnishing labor and materials in the construction of said sewer. The defendants Nichols & Brown, with the Globe Surety Company of Kansas City, Missouri, entered into a bond in which bond the obligees are named as "Are held and firmly bound unto the City of Flora, in Clay county, Illinois, a municipal corporation under the laws of the State of Illinois, and to all persons who may become entitled to liens under the contract hereinafter mentioned." This bond was conditioned for the performance of the covenants in said agreement entered into for the construction of said sewer, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

also that the said Nichols & Brown shall duly and promptly pay and discharge all indebtedness that may be incurred by them in carrying out the said contract, and shall complete the same free from all liens as in said contract provided. And it was further stipulated in said bond, following the conditions aforesaid: "It is expressly understood, stipulated and agreed that the conditions of this bond shall extend to and be held as also made for the use and benefit of all persons who may become entitled to liens under said contract, under the provisions of the laws of the State of Illinois, and that this bond may be sued upon the same as if to them in proper person." After the execution of said agreement and bond the defendants Nichols & Brown entered upon the performance of their contract, purchased material, employed labor and in time completed the contract and the sewer was accepted by the City of Flora.

It further appears from the record that Nichols & Brown had some difficulty in meeting their obligations while engaged in the construction of said sewer; and at times were unable to meet the payments for labor and materials. That in order to meet the demands Nichols & Brown, by their foreman, issued to persons performing labor and furnishing material due bills, or as they term them "time slips." The appellant purchased from those furnishing labor and material a great many of these due bills, being about four hundred sixty in number, and each of said due bills was duly assigned by the person to whom it was issued to the appellant, and that by this means he purchased due bills to the amount of $———. The appellee gave notice, in writing, to the city officials, in proper manner, of the said claims that were due and owing for work and material furnished upon said sewer, which notice was duly filed with the clerk of the said City of Flora. The said claims were duly acknowledged by Nichols & Brown. Thereafter the City of Flora

had a settlement with Nichols & Brown, in which settlement it was found that there was due and owing to Nichols & Brown, upon said contract, a balance of $4,699.37. Other claims besides those of appellee were filed and a payment was made by the City of Flora of 44 per cent out of the balance due to Nichols & Brown. This suit was instituted by appellee upon the bond above described to recover the balance due him upon the liens established as above stated. Judgment was rendered in favor of the appellee and against Nichols & Brown and the appellant for debt in the amount of $17,000 and costs of suit, to be discharged upon the payment of $5,722.11 damages and costs. This appeal is prosecuted by the Globe Surety Company only.

The declaration in this case was in the usual form of declarations upon bonds of this character and the breach assigned was that defendants Nichols & Brown purchased of divers persons, naming them, goods, wares and merchandise, and that others, naming them, performed labor in and about the construction of the sewer above described. That said sewer was completed and accepted by said city and that there was due the said persons furnishing such labor and materials for said sewer the several amounts specified, which the said Nichols & Brown promised to pay to the said parties respectively but failed so to do; that the several persons to whom the respective amounts were due, for a valuable consideration, duly assigned their said claims to the plaintiff and that the plaintiff thereafter gave notice, in writing, to the city officials of his claims aforesaid, and of the failure of Nichols & Brown to pay the same. The defendants entered a motion and obtained a rule for a bill of particulars and then filed the following pleas:

The first plea states that said claims in the declaration mentioned were paid by plaintiff out of money and funds in his possession that belonged to defend-

ants Nichols & Brown, and were advanced by them to the plaintiff for such purpose.

The second plea denies that the plaintiff is the owner of the several claims, or any of them, set forth in the declaration, and that said claims were purchased by plaintiff out of money in his possession belonging to defendants Nichols & Brown while he was acting as their agent.

The third plea was one of set-off, alleging an indebtedness owing to Nichols & Brown by the plaintiff to a greater amount than that claimed by the plaintiff; and set forth that this amount was obtained by plaintiff in notes which were converted to plaintiff's use and in cash received by him.

The fourth plea denies that the several persons in the declaration mentioned assigned to the plaintiff their right to the said claims, as alleged in the declaration.

Plaintiff traversed the first, second and fourth pleas and filed a replication to the fourth plea, upon which issue was joined.

It is insisted by counsel for appellant that this action should have been brought in the name of the City of Flora for the use of the appellee, and that appellee had no right of action in his own name. No question of this character was raised by the pleadings in this case, nor was it raised by motion directing a judgment on account of any variance and we do not believe that counsel are in a position to raise this question for the first time in this court. Even if proper pleas had been filed and proper proceedings taken for presenting this question, we are of the opinion that it could not avail the appellant for the reason that these claims were duly assigned by the respective parties to the appellee and a lien established by him in the manner provided by statute, and the bond was made payable to the City of Flora and all persons who may become entitled to liens under the contract men-

tioned; and it was further provided in said bond that this bond shall extend to all persons who may become entitled to liens under this contract and may be sued upon by them the same as if to them in proper person. Here is an express provision giving to each and every person entitled to a lien the right to bring an action upon this bond. This was sufficient to establish a contractual relation between persons entitled to liens and the obligors in the bond and there was by reason thereof a privity of parties. This provision is not contrary to any law and is not void on account of public policy, and we can see no reason why it should not be enforced. "A bond should be so construed, if possible, as to give force and meaning to all the words and clauses used in the bond, and so as best to effectuate and carry into operation the reasonable intention of the parties, and such a construction should be given, if this can fairly be done, that will support rather than defeat the bond." Corpus Juris, vol. 9, page 33.

"Under the principle that the person for whose benefit a contract is made with another may maintain an action on such a contract, a public bond, required by statute of contractors, conditioned for the protection of those who furnish labor or materials in the performance of public works contracted for, can be enforced by any person to whom the principal is indebted for work or material under the contract secured by the bond. It must appear, however, that the party seeking to obtain the benefit of the contract and bond clearly falls within the terms and is included within the provisions of them, in order to be entitled to his action on the bond." Corpus Juris, vol. 9, page 87; *Title Guaranty & Trust Co. v. Crane Co.,* 219 U. S. 24.

Upon principle we can see no reason why a right of action should not accrue by contract, not contrary to law or public policy, as well as by statute. When

all of the terms of this bond are considered, it is clear that it was intended not only to secure the city but every person who furnished materials or performed labor upon this sewer, and that it was intended that each of the parties would have a right of action upon this bond for their claims.

It is insisted by counsel for appellee that even if the action is not maintainable under this contract, that it may be maintained under section 18, ch. 110 (J. & A. ¶ 855), which provides that the assignee of any chose in action may sue in his own name, but it is argued by counsel for appellant that this is not a chose in action and therefore not within the statute. "The term 'chose in action' is of very comprehensive import, and includes the almost infinite variety of contracts, covenants and promises, which confer on one party a right to recover a personal chattel or a sum of money from another by action." Wait's Actions & Defenses, vol. 2, page 250.

A chose in action is "a right to receive or recover a debt, or money." Bouvier Law Dict. 322. "Money due on bond, note or other contract, or damages for breach of covenant" are defined to be chose in action. Kent's Com. vol. 2, page 437.

If we are right in our former conclusion then as soon as this lien was established the claimant had a right of action upon this bond, and, if so, then it was clearly a chose in action and could be enforced under this statute.

Counsel for appellant further contends that the accounts could not be joined in one claim for a lien and that there could be no assignment of the accounts. He insists that as section 7 of the Liens Act (J. & A. ¶ 7145) provides when a contractor shall be entitled to a lien upon the real estate and provides the mode of enforcing the lien, that section 8 (J. & A. ¶ 7146), which follows, and relates to the assignment of claims for lien, applies only to claims or liens against real

estate under section 7, upon the principle, as he says, that as section 8 following recites that: " 'Claims for liens' are assignable, the inference must follow that by the use of the words 'claims for liens' was meant 'claims for lien' as just defined." Section 8 is of a much broader effect than that given to it by counsel, as it says, in speaking of claims for liens sought by counsel to be limited, to section 7: "All liens or claims for lien which may arise or accrue under the terms of this act shall be assignable, etc." He also contends that the provisions of the Liens Act relating to the remedies for the enforcement of liens do not apply to the lien created by section 23 of the Act (J. & A. ¶ 7161) but only to the enforcement of liens against real estate, and refers to the case of *National Bank of La Crosse v. Petterson*, 200 Ill. 215. It is true that the provisions of other sections of the act relating to the remedy for the enforcement of a lien against real estate do not apply to the lien created under section 23 of the Act, and was not so intended, as section 24 (J. & A. ¶ 7162) gives the manner of establishing the lien but does not provide for the enforcement of a lien. In this case the appellee is not seeking to enforce the lien but is pursuing an entirely independent remedy; after having established his lien he is then seeking to enforce a contract, and it may be that if the appellee was seeking to enforce his lien that he would have to file a bill in chancery and make all other persons interested parties, but that is not the case here. His purpose is to recover upon his contract. There is no good reason apparent, and none has been offered, why this statute should provide that one class of liens should be assigned and the other should not. The object of the statute was to enable persons who were furnishing materials and performing labor to obtain their money and preserve the right of lien where the contractor was unable to meet the payments, and there certainly would be as much rea-

son in preserving this right 'for the benefit of one working upon a public plant as for one engaged in improving a piece of real estate. The statute embraces "All liens or claims for liens" and is broad and comprehensive, and we think that it is within both the letter and the spirit of the law to construe it so that such assignments may be made.

The question is also made that there can be no joint account. Such a right was recognized by this court in the case of *Builders Supply & Coal Co. v. Eggmann,* 190 Ill. App. 572. If, under the law, these different claims were assignable to appellee and he had the right to establish his lien, we can see no reason why he should not establish a lien for the whole of the amounts as well as for a portion of them. To require him to bring a separate proceeding for each of the claims would tend to increase useless litigation.

It is also insisted that the appellee is not entitled to these claims because he was acting as the agent of Nichols & Brown. The proof shows that he acted as the agent of Nichols & Brown in receiving and receipting for their bonds as they were issued by the City of Flora from time to time and forwarding them to the parties who purchased the same, and this seems to be the full extent of the agency, according to the testimony. It appears from the evidence that these claims were purchased with appellee's own money and upon his own account, and assigned to him personally, and were not done as the agent of Nichols & Brown, and the principles invoked by counsel governing the relation of principal and agent could not apply to the appellee.

It is also insisted that the claim of Blackner & Post Pipe Company had been paid for with Nichols & Brown money and therefore should not have accrued to appellee. The evidence, in our opinion, does not warrant this conclusion. It appears that a letter was written by appellee to Nichols on July 14, 1913, urg-

ing upon him to make a note to the Bank of Flora for $1,500, to be used in the paying of the Blackner claim. The note was executed but not returned until some time in August or September, and when it was returned it was placed to the credit of Nichols & Brown in the Flora Bank and checked out by them upon other claims and not used in the payment of the Blackner claim. We do not believe that this claim was paid by Nichols & Brown and then purchased by appellee, or that the claim was twice paid, as contended by counsel.

It is next insisted that the court erred in allowing interest upon the claims, and contends that the interest should not be allowed until the account had been stated. The time slips, or due bills, issued by Nichols & Brown were in the form of due bills and recited that there was due the several parties the amount of money stated in each one of the "due bills" issued to the respective parties. The "due bills," given in full in the abstract, are of this form and we assume that the others were, as no definite kind, or change, has been pointed out by counsel. These due bills would bear interest after they were issued at 5 per cent., under the statute.

We are of the opinion that the appellee had the right, after establishing his lien, to institute suit upon this bond and recover the balance due him and that the court did not err in its finding and proceedings herein, and that the claim is just and meritorious, and the judgment of the lower court is affirmed.

*Judgment affirmed.*