**People of the State of Illinois for use of Vancil Motor Company, Appellant, v. Allin De C. Weaver et al., Appellees.**

**Gen. No. 9,300.**

318

Opinion filed February 24, 1942.

FLESHER & TAYLOR, of Taylorville, for appellants.

W. S. GREER, of Taylorville, for appellee; HAROLD BROVERMAN, of Taylorville, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

This was an action of debt brought by the appellant in the circuit court of Christian county, Illinois, on the official bond of Allin De C. Weaver, a constable, and Lillian W. Hawes and T. B. Williams, sureties on his bond. Judgment was entered in favor of the defendants, from which plaintiff has appealed.

The complaint alleged and the proof established that Allin De C. Weaver, a constable, had served and executed a certain writ of replevin issued by a justice of the peace of Christian county, Illinois, by replevining an automobile from one Hubert Morse in a suit filed before said justice of the peace by the Universal Discount

Company. The trial of the replevin suit before the justice of the peace resulted in a finding and judgment for the defendant. Upon appeal therefrom, the circuit court, upon trial *de novo*, found for the plaintiff company and entered judgment in its favor. Subsequent to the trial in the circuit court, the Universal Discount Company assigned all right, title and interest in the automobile replevied from Hubert Morse to the plaintiff, including all of its right to recover against Allin De C. Weaver, constable, and any right to recover upon his official bond as such constable.

The undisputed testimony established that the automobile was not delivered by the constable to the Universal Discount Company in compliance with the finding and judgment of the circuit court, upon demand therefor, nor to its assignee, the plaintiff appellant herein. Although a new demand was made on the constable to deliver the replevied property to the plaintiff appellant, the demand was never complied with and this suit was instituted against the constable and his official bondsmen seeking recovery of the value of the car.

The defendant appellee, Weaver, says that he delivered and returned the automobile to Hubert Morse in accordance with the directions and orders given to him by the justice of the peace. This would be no defense, since the judgment of the justice of the peace was not final, as the appeal therefrom was duly prosecuted, and upon the trial *de novo* in the circuit court, judgment had been rendered against said Morse and in favor of the plaintiff company.

All of the defendant appellees herein contend that the plaintiff appellant has no cause of action as assignee because the suit is based upon a tort and was therefore not assignable.

Section 22 of the Illinois Practice Act (par. 146, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.-022]) expressly authorizes the assignee and owner of

a non-negotiable chose in action to sue thereon in his own name after he has complied with certain conditions mentioned in said section. The term "Chose in Action" is of very comprehensive import and includes the almost infinite variety of contracts, covenants and promises which confer on one party a right to recover a personal chattel or a sum of money from another by action. A chose in action is "A right to receive or recover a debt or money." Money due on bond, note or other contract or damages for breach of covenant are defined to be choses in action. Kents Com., vol. 2, p. 437; *Chaffin v. Nichols*, 211 Ill. App. 109.

When the circuit court found that the Universal Discount Company was entitled to the automobile which had been replevied, it immediately became the duty of the constable to deliver the automobile to said company or respond in damages for the value thereof. He refused to do so, and a cause of action accrued in favor of the Universal Discount Company, which judgment claim and right of recovery on the bond became assignable to the plaintiff appellant under the provisions of the above statute as a chose in action. *Chaffin v. Nichols, supra.*

We therefore hold appellees' contention that the cause of action was one in tort and not assignable to be without merit and the cases cited to be inapplicable under the facts herein. Inasmuch as we may not determine from the conflicting evidence in the record the amount that the plaintiff is entitled to recover, judgment therefor will not be entered by this court, but the judgment of the circuit court is reversed and the cause remanded for further proceedings in accordance with the holdings herein.

*Reversed and remanded.*