Eugene T. Knutson, Appellant, v. Chicago and North Western Railway Company, Appellee.

Gen. No. 10,213.

Opinion filed February 5, 1948.
Released for publication February 26, 1948.

MILLER, THOMAS & HICKEY, of Rockford, for appellant; FRANCIS E. HICKEY and WILLIAM E. COLLINS, both of Rockford, of counsel.

DRENNAN J. SLATER and JOHN L. DAVIDSON, JR., both of Chicago, and STANTON E. HYER, of Rockford, for appellee; DRENNAN J. SLATER, of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On April 8, 1946, Eugene T. Knutson was driving his automobile in a northerly direction on Mill street in the Town of Huntley, Illinois. The Chicago & North Western Railway Company owned and operated a railroad running in a general easterly and westerly direction through the town of Huntley, and crossing Mill street. As Knutson was crossing the railroad track, he was struck by a passenger train and injured. He filed a suit in the circuit court of Winnebago county, against the railway company, and procured a verdict for $15,000. The defendant, railway company, entered a motion for a new trial and judgment notwithstanding the verdict. The court granted the motion of the railway company, and entered a judgment in its favor.

At the same time that Knutson started a suit against the railway company for damages, he also sued Ragnar Benson, Inc., a corporation, who was erecting a building east of Mill street ninety feet and south of the railroad tracks fifty feet. The suit was dismissed, as to this company, so we are not concerned about this part of the litigation. The plaintiff, Knutson, has perfected an appeal to this court from the judgment of the trial court, against the railroad company.

We agree with plaintiff's contention, ''that the motion for judgment notwithstanding the verdict presented only a question of law as to whether, when all the evidence is considered, together with all reasonable inferences drawn therefrom, in its aspect most favorable to the plaintiff, there is evidence tending to prove any cause of action stated in the complaint. If there is, the motion should be denied and the weight and credit to be attached to it in connection with the other facts and circumstances shown are questions for the jury and that under the evidence the motion should have been denied.'' In view of this statement of the law, it is not necessary to discuss the evidence relative

to whether or not the defendant railway company was guilty of any negligence which caused the accident.

The record contains a statement of the trial court for his reasons for entering judgment in favor of the railway company, notwithstanding the verdict of the jury. It was his opinion that the plaintiff had failed to prove that he was in the exercise of due care and caution for his own safety, just prior to, and at the time of the accident, and as a matter of law, he was guilty of contributory negligence, and could not recover. We will review the plaintiff's evidence, both oral and documentary, as shown by the exhibits, and try to ascertain whether the plaintiff was in the exercise of such care and caution for his own safety as is required by law.

The defendant introduced five exhibits, which was done by stipulation of the plaintiff's and the defendant's attorneys. Plaintiff's exhibit No. 1 was drawn by the railway company's engineer, but was introduced in evidence as plaintiff's exhibit, so that both plaintiff and defendant have adopted it as being true and correct. On exhibit No. 1, the plaintiff made certain red marks to designate the position from which he looked to see whether a train was approaching, as he moved towards the railroad tracks. The plat is drawn to a scale of one inch to forty feet. The appellee has inserted in its brief, part of this exhibit, and has drawn vision lines from the points, as indicated by the plaintiff, on this exhibit. The engineer, Mr. Humberg, testified according to a test that he made, that the north end of the closest tank was twenty-five feet from the center line of the track; that the tanks were six feet ten inches high, and thirty-three feet long; that according to the tests that he made, that at ten, fifteen and twenty-five feet south of this track, you could see one mile down the track. From a point sixty-three feet south of the track, you could see a distance of eleven hundred feet; at the point seventy-five

feet south of the track, you could see four hundred and seventy-five feet in an easterly direction. From a point one hundred feet south of the tracks, you could see three hundred feet east, down the track. The lines in the appellee's brief are drawn in accordance with the testimony of Mr. Humberg. The appellant has made a motion to strike the brief of the appellees, because it contains an exhibit not admitted in evidence. It is not contended by the appellee that this is an exhibit, but only a part of plaintiff's exhibit No. 1, and was drawn for the purpose of giving this court a better idea of the facts and circumstances, as testified to, and as portrayed by plaintiff's exhibit No. 1. This motion was taken with the case, and the same is hereby denied.

In plaintiff's direct testimony, he said: ''When I first saw the train, I was just going by the tank. I was opposite the railroad crossing sign, which shows on the plat plaintiff's exhibit No. 1.'' At the time of the accident in question, there were two large tanks at the right of Mill street going north. The plaintiff estimated that these tanks were from six to ten feet high, and claims he could not see over them to tell whether a train was approaching or not. According to the measurements, as disclosed by the appellee's engineer, the closest tank was twenty-five feet south of the railroad track, and from there east, the vision of the plaintiff was unobstructed. Defendants exhibit No. 5 was admitted by agreement. In taking the picture, the camera was placed five feet above the center of the highway, and discloses that the tanks in question are lower than automobiles sitting on the east side of the road at the time this photograph was taken. It is admitted that at the time of the accident in question, there were no cars on the east side of the street, and there were no freight cars standing across the track, as portrayed in exhibit No. 5. It will be observed on an examination of this exhibit that the three freight cars, standing on the north side of the main line of

defendant's railroad, are plainly visible. The first car, east of the crossing, is partly obscured, but it appears that you can see more than one-half of this box car. In the other two cars you can see the open doors and the wheels. This photograph was taken one hundred and eighty feet south of the center of the railroad track, and near the center of Mill street. Defendant's exhibit No. 3, is taken in Mill street at a point five feet above the center of said street, and twenty-five feet south of the center of the main track of the defendant. This exhibit clearly shows a railroad crossing east of Mill street, and is estimated as being from three hundred to five hundred feet east of Mill street. It also shows the north end of one of the tanks, and the railroad crossing sign. Defendant's exhibit No. 4, was taken on Mill street one hundred and fifty feet south of the railroad tracks, with the camera held five feet above the center of Mill street. This exhibit shows that the tracks of the defendant company, in several places, are in plain view from where this photograph was taken. Defendant's exhibit No. 1 was taken at a point on Mill street ninety feet south of the main line of the railroad. It was agreed that defendant's exhibits No. 2 and 5, do not correctly represent the property, as it was at the time of the accident, since a bulldozer, or road grading machine, which was then on the ground east of Mill street, and two piles of brick and other construction machinery had been removed.

The locomotive engine that struck the plaintiff's automobile, and injured him, was pulling a passenger train of four coaches. It is a well known fact that the ordinary locomotive engine is as high, or higher than the ordinary freight car. From the exhibits in question, the photographs show clearly freight cars visible on the track, and it is difficult to understand how the plaintiff, if he had been watching for the approach of a train, could not observe this engine coming towards the crossing.

It is our conclusion that the plaintiff failed to prove that he was in the exercise of ordinary care and caution for his own safety, and the judgment of the trial court, in favor of the defendant, notwithstanding the verdict, is hereby affirmed.

*Affirmed.*