CONSUELO GRINTON (BRINK), Plaintiff-Appellant, v. ALBERT GRINTON, Defendant-Appellee.

(No. 69-114;

Third District—December 14, 1970.

Schenk, Dimas & Schenk, of Joliet, for appellant.

Laser, Schostok, Kolman & Frank, of Chicago, for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order denying plaintiff's petition for an increase in child support payments as set by a decree for divorce.

The plaintiff was granted a decree for divorce from the defendant in 1959 and was awarded custody of Stephen, the four year old son of the parties. The parties agreed on the sum of $125 per month for the support of Stephen and the decree ordered the defendant to pay that amount for his son's support.

In 1969, about 10 years later, plaintiff who has remarried filed a petition to increase the support payments from $125 per month to $250 per month. The court denied the prayer for an increase in child support. The plaintiff has appealed from this order.

The evidence shows that Stephen was four years old at the time of the decree and that he is now 14 years old. He is about to enter high school and is above average intelligence. His mother described him as an exceptional child. Plaintiff would like to send him to Exeter Academy, a private school; however, her testimony as to the cost of maintaining Stephen is based on expenses that would be incurred if he were to attend the public high school.

Plaintiff stated that it cost more to maintain Stephen now than it did in 1959. She stated that she consulted the Internal Revenue Service as to how to compute the cost to support a child. Using the information she obtained from this source, she computed the cost of maintaining Stephen at $375 per month. Plaintiff then itemized the expenditures on behalf of Stephen at $374.50 per month. Some of the expenses incurred may appear to be somewhat inflated and others may not apear to be of compelling necessity. However, it does appear that by adopting a conservative evaluation of the expenses as itemized by the plaintiff the same exceed $250 per month which is the amount plaintiff is requesting.

Plaintiff has remarried and resides with her present husband and two

other children besides Stephen. She is not employed and her sole income is from dividends from stock owned jointly with her present husband. These dividends amount to about $40 per year.

At the time of the divorce decree defendant was earning about $280 per month. His earnings have increased substantially since the divorce and at the present time his salary is $17,750 per year. The defendant admitted that the cost of maintaining his son now is greater than it was when the decree was entered.

The defendant is not in good health and has submitted to surgery on several occasions. All but 30% of the defendant's medical expenses have been paid by insurance. He did not lose any salary during the time he was off work.

■■ Section 19 of the divorce act (Ill. Rev. Stat. ch. 40, par. 19) authorizes the court on application to make such alterations in the allowance for the care, education, custody and support of children of the marriage as shall appear reasonable and proper. As stated by this court in *Kelleher v. Kelleher*, 67 Ill.App.2d, 410, at page 414, 214 N.E.2d 139:

> "An increase in monthly support payments is warranted when the evidence established that the needs of the children have increased and the means of the father have also increased so as to enable him to contribute additional sums to his children's support."

■■ The burden of proof is on the plaintiff to prove the increased needs to support Stephen and also to prove that the defendant has the ability to pay the increased amount needed. (*Kelleher v. Kelleher, supra; Patterson v. Patterson*, 28 Ill.App.2d 76, 170 N.E.2d 11.) The findings of the trial court on these questions will not be reversed unless contrary to the manifest weight of the evidence. In light of the evidence offered by the plaintiff as to the increased cost of supporting Stephen, the admission by the defendant that it cost more to support Stephen now than when the decree was entered and the proof of the very substantial increase in defendant's income since the decree, we believe that the determination of the trial court and the denial of the application for an increase in support payments is against the manifest weight of the evidence.

Under the provisions of ch. 37, par. 32.1, Ill. Rev. Stat. an Appellate Court may exercise such original jurisdiction as may be necessary to the complete determination of any cause on review.

Under the provisions of Supreme Court Rule 366 (a) (5) [Ill. Rev. Stat., ch. 110A, par. 366 (a) (5)] a reviewing court may give any judgment and make any order that ought to have been given or made and may grant any relief that the case may require.

■■ The evidence which was presented to the trial court and which is before this court indicates that the cost of supporting Stephen has sub-

stantially increased and that said cost now exceeds the sum of $250 per month which plaintiff requests. The defendant offered no evidence to the contrary so the evidence of the plaintiff stands uncontradicted. The evidence also shows that the defendant's income has substantially increased so as to enable him to pay this additional amount. In light of this evidence we conclude that it was error for the trial court not to order the defendant to pay $250 per month for the support of his son.

Accordingly, the order of the Circuit Court appealed from herein is reversed and the cause is remanded to the Circuit Court of Will County with direction to enter an order modifying the divorce decree herein so as to increase the payments which the defendant is to make for the support of his son from $125 per month to the sum of $250 per month.

Reversed and remanded with directions.

STOUDER and ALLOY, JJ., concur.