FLORENCE ELIZABETH PLANT, Plaintiff-Appellant, *v.* JOSEPH HENRY PLANT, Defendant-Appellee.

(No. 73-154;

Fifth District—June 5, 1974.

Burnside, Dees and Johnston, of Vandalia, for appellant.

James E. Buchmiller, of Greenville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Bond County in a separate maintenance proceeding denying the wife a retroactive allowance for child support furnished by her from the time of the original decree up to the filing of her petition for reimbursement 4½ years later.

The separate maintenance decree, entered December 5, 1967, awarded custody of the couple's minor child to the wife. It did not make any allowance to her for child support or attorney's fees, but instead specifically reserved such question "for future ruling by the court." Admittedly, at the time of entry of the decree the husband was an alcoholic. He was without funds, unemployed and confined to a hospital. On April 21, 1972, the husband was declared an incompetent and the Bradford National Bank of Greenville was appointed conservator of his estate, consisting of $40,000 in cash realized from a sale of real estate inherited by him on the recent deaths of his father and brother.

At the first hearing on the petition on September 1, 1972, the wife testified that their daughter was then 17 and would be 18 years of age the following December; that she was in her last year in high school, had musical talent, and intended to pursue her musical education further. She also stated that from the entry of the decree until the filing of her petition she was the sole support of her child. She estimated that she had expended approximately $3100 each year on her daughter's behalf, and that she did so out of her salary of approximately $10,000 per year as a teacher in the Greenville Elementary School. She requested that her husband's estate be ordered to pay $40 per week toward the support of their child during the remaining months of her minority and thereafter until she finished her education. In addition, she asked for reimbursement in the amount of $5200 which sum, accorded to her estimate, represented one-half of the total which she had expended for the child since the entry of the decree.

The defendant husband was present at the hearing but he did not testify. However, the court was informed by counsel that the conservator was presently paying for defendant's residence and care in a nursing home, and in addition was furnishing him with $20 per week for clothing and other personal needs.

On the basis of this evidence, and with the approval of the attorney for the conservator and the guardian ad litem for defendant the court ordered the conservator to pay prospective support for his child at the rate of $35 per week for so long as she remained a minor and thereafter continuously for so long as she was regularly pursuing her education.

The court held in abeyance its ruling on an award for retroactive support pending a further hearing and submission of authorities on the question. On January 8, 1973, a supplemental order was issued denying retroactive support by allowing the wife her attorney's fees for both the original separate maintenance proceeding and for the presentation of her present petition. It is from that portion of this latter order denying retroactive support that this appeal is taken.

Appellant argues that as between a father and mother the primary duty of supporting a child rests upon the father, that financial disparity between the mother and father does not relieve the father of this duty, and that a mother is entitled to reimbursement on a retroactive basis for at last one-half of the sum provided by her even though the original decree made no provision relative to support.

From the record it appears that the trial court had some doubt as to whether a mother could be reimbursed for retroactive support where the decree was one for separate maintenance and also failed to provide for support; and his order denying reimbursement seems to have been based on this view. As we shall later point out we believe the court was correct in its conclusion but for the wrong reasons.

██ In *Furth v. Furth*, 5 Ill.App.3d 73, it was held that a retroactive allowance of support is within the discretionary power of the trial court if such allowance is deemed fit, reasonable and just; and that this holds true not only in a divorce proceeding but also in a separate maintenance case as decided in *Bramson v. Bramson*, 17 Ill.App.2d 87. It has also been held that whether or not the original decree is silent on the question of support is irrelevant. (*Plaster v. Plaster*, 47 Ill. 290; *Sturdy v. Sturdy*, 67 Ill.App.2d 469; *Gill v. Gill*, 8 Ill.App.3d 625.) In fact, this latter rule has been incorporated directly into the statute on divorce (Ill. Rev. Stat., ch. 40, par. 19) providing that, "Irrespective of whether the court has or has not in its decree made an order for the payment of * * * support it may at any time after the entry of a decree * * * make such order for * * * the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just * * *."

██ While agreeing with appellant's contention that a court has the right to make a retroactive allowance for child support, nonetheless we do not entirely agree with appellant's argument that in every case the father is primarily responsible for such support and the mother is arbitrarily entitled to reimbursement for at least half of what she has personally spent for support. In our opinion the support of a child is a joint and several obligation of both husband and wife, the amount and source thereof to be determined on the basis of the needs of the child and the means and

capacity to produce income of the respective parents. In other words, contributions to support as between the parents should be determined in proportion to their financial ability based on the facts of the individual case. We recognize that this is contrary to the traditional view that support of a child is exclusively a husband's obligation and that a wife's income, assets and ability to provide for a child are irrelevant. But with the emancipation of women and the change in times we believe this view to be outmoded as indicated by more modern case law and statutory enactments.

In Illinois the divorce law itself (Ill. Rev. Stat., ch. 40, par. 19) provides that, "* * * the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * ." In addition, though not involving divorce or separate maintenance, a number of other statutes have modified the old common law rule. Section 2—11 of the Illinois Public Aid Code (Ill. Rev. Stat., ch. 23, par. 2—11) defines legally responsible parents as the parent or parents of a child. The law (Ill. Rev. Stat., ch. 23, par. 2361) makes it a misdemeanor where either parent contributes to the dependency of a child. Expenses of the family and of the education of the children are chargeable upon the property of both husband and wife, or either of them. (Ill. Rev. Stat., ch. 68, par. 15.) It is a misdemeanor for either parent to refuse to provide for support and maintenance of his of her child. (Ill. Rev. Stat., ch. 68, par. 24.) Section 3(a) of the Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat., ch. 68, par. 52(a)) provided that both husband and wife are severally liable for the support of a child under 18 years of age; and section 3(b) of the same Act (Ill. Rev. Stat., ch. 68, par. 52(b)) stated specifically that a mother is liable for the support of her child under 18 years of age. And section 132 of the Probate Act (Ill. Rev. Stat., ch. 3, par. 132) states that the parents have equal powers, rights and duties concerning their children.

In a case involving an attempt by a mother to obtain reimbursement from her children's estates for money expended by her in their support, reimbursement was denied on the grounds that she had ample assets to support and maintain her children, and even though her children had estates of their own this did not relieve her of her responsibility to support them. (*In re Estate of Weisskopf*, 39 Ill.App.2d 380.) The court further stated that the duty may be primarily the father's, yet if he is dead, incapacitated or without sufficient income or means, the responsibility devolves upon the mother. In *Purity Baking Co. v. Industrial Commission*, 334 Ill. 586, the question was whether a mother was under a

legal obligation to support her minor child so as to entitle her children to compensation under the Workmen's Compensation Act providing compensation on the death of the mother. In holding that the child was entitled to such compensation the court stated that it was true that under common law the legal status of a mother was such that she was not under legal obligation to support her minor children where the father was alive and able to do so, but that rule has been modified. Since the wife has become emancipated and now possesses the full enjoyment of her property and earnings, the court stated, there is no longer any reason why she should not be held legally responsible for the support of her minor children equally with her husband.

In *Edwards v. Edwards,* 125 Ill.App.2d 91, it was held that in determining the amount of support to be contributed by the father of a minor child it was not only proper but necessary to an equitable conclusion to consider the employment and earnings of the child's mother. In *Harnois v. Harnois,* 10 Ill.App.3d 1062, the court recognized the responsibilities of both parents as contained in section 18 of the act concerning divorce (Ill. Rev. Stat., ch. 40, par. 19) and approved an order obligating each parent to pay one-half of their child's education costs where the evidence showed the husband was a police officer earning $14,700 per year and the wife was a teacher earning $15,900 per year. In *Everett v. Everett,* 25 Ill.2d 342, it was held that the amount of alimony and child support to be allowed must be determined by accommodating insofar as possible the needs of the parties and children with the available means of the parties, due regard being given to their stations in life.

In the case before us it is undisputed that at the time of the decree for separate maintenance the husband's interest in the family home and personal property was turned over to the wife, and that at that time he had no other funds, was unemployed and confined to a hospital. When the wife filed her petition for support the husband had already been declared an incompetent. His earning capacity was nil, and his sole assets were the monies left from his $40,000 inheritance which were controlled and expended on his behalf as determined by his conservator subject to court approval. He was being cared for in a nursing home at the expense of the conservatorship and he was receiving $20 per week for clothing and incidentals. There was no testimony as to the specific monthly cost of his care and maintenance, but it appears to have been accepted by the court and counsel that the principal of his inheritance had already been and would continue to be depleted. It was also recognized that the conservator was investing the assets of its ward's estate and that there would be some return on such investments, though in an

insufficient amount to support him. Questioning of the wife as to her financial means was not vigorous but it was brought out that during the time she had supported her daughter she was employed as a teacher at a salary of approximately $10,000 per year and that she was still so employed.

■■ Based on these facts we cannot see how it could be held fit, reasonable and just to compel this incompetent father to reimburse his wife for previous support which she had rendered to their child. To do so would be to ignore the principle that in determining the respective contributions of parents towards the support of their children there first must be an accommodation of the needs of the parties with their available means and with due regard to their stations in life. There can be no question here that other than the small income to be realized from the constantly depleting conservatorship funds the husband has no earning capacity whatsoever, nor any in prospect. To invade the principal of such funds, where there can be no replenishment by future earning power would only hasten the eventual placement of the husband on public welfare. This would not be fair or equitable either to him or to the public generally, for in such event if would be the public who would then, more quickly, have to assume the burden of his support as a public charge in a tax-supported institution.

Accordingly, we affirm the order of the Circuit Court of Bond County on the basis that its decision denying reimbursement for retroactive support was correct even though for the wrong reasons.

Judgment affirmed.

G. MORAN, P. J., and CARTER, J., concur.