MAVIS BRODAY, Plaintiff-Appellant, *v.* REUBEN BRODAY,
Defendant-Appellee.

First District (4th Division)    No. 61308

Opinion filed October 27, 1976.

Barbara B. Hirsch, of Chicago, for appellant.

Bernard S. Kaufman, of Chicago (John F. Martoccio, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff and defendant were married on March 26, 1965, and divorced on September 11, 1973. Their adopted daughter, Shereen, aged 7, was placed in the custody of the plaintiff. The trial court, after a noncontested hearing, ordered the defendant to pay $300 per month child support and $75 per month alimony commencing on September 1, 1973. The court also ordered the defendant to direct the Social Security Administration to pay the plaintiff, for the child, whatever benefits the child was entitled to from the United States Government by reason of the disability of defendant. In addition, defendant was to provide a life insurance policy for Shereen and to provide plaintiff with evidence of current payment of premiums and to produce to her all tax returns each year.

On September 3, 1974, defendant filed a post-decree petition for modification of the decree alleging that plaintiff abandoned the care of the child by placing her with sitters and that she neglected the child. He asked for change of custody and termination of alimony. On the same day, plaintiff filed a cross-petition for a rule to show cause, alleging that defendant owed alimony and child support of $1,875 and that he had not furnished plaintiff with his 1973 income tax return and evidence of

insurance premium payments. Hearing on both petitions was continued to October 21, 1974. In the meantime, the parties could not agree on a date for the taking of a discovery deposition of defendant. Plaintiff then filed a petition for discovery sanctions and for immediate payment of alimony and child support which plaintiff denoted as interlocutory relief. Plaintiff demanded immediate sanctions upon the defendant, which the trial court refused to order without a hearing and the taking of evidence.

The trial court heard both the defendant's petition for modification of the judgment for divorce and the plaintiff's petitions at the same time. Plaintiff did not object to the consolidated hearing of said petitions. Although plaintiff answered ready for trial, she pressed her demand for the taking of a discovery deposition of the defendant. The trial court did allow her to depose the defendant in the court's anteroom and promised her further discovery if the deposition was insufficient. Plaintiff took the discovery deposition of the defendant and proceeded with the hearing which lasted from October 21, 1974, to October 23, 1974.

At said hearing, plaintiff testified that she is employed full time, earning a net take-home pay of $540 per month as opposed to $430 net take-home pay per month at the time of the decree for divorce; that the minor child was not living with the plaintiff since January 1, 1974; that she had received cash for three original Chagall lithographs she sold. In addition to these benefits she was receiving $300 per month as child support and $75 per month as alimony at the time of the decree for divorce.

Defendant testified that instead of receiving $1000 per month for 15 years as he had, prior to the decree for divorce, he was neither entitled to $1,600 per year for the next two years nor for any further monies from Briar Insurance Agency, which monies he had invested in business ventures which were unsuccessful.

The trial court found that there had been a substantial change in the parties' circumstances since the decree for divorce, and that the plaintiff was now fully able to support herself and to contribute $50 per month towards the support of the child in light of the increase in her income of over $110 per month. The trial court stated that the defendant no longer had a source of on-going income to look forward to and entered an order suspending alimony of $75 per month and reducing child support from $300 to $250 per month so long as plaintiff received $83.10 per month as Social Security benefits. The said order directed defendant to pay the support arrearage. The defendant had obeyed the trial court's verbal order on October 23, 1974, and paid $525 to plaintiff instanter and $1,100 on November 7, 1974, with an arrangement with plaintiff to pay the remainder. The defendant was ordered to produce evidence of life insurance premium payments and his personal and corporate income tax returns. There was to be a separate hearing for change of custody. The order also granted defendant leave to amend his pleadings to conform to

the proof. Plaintiff appealed from the order of December 9, 1974. The issues on appeal are:

"(1) Whether the Order of December 9, 1974, should be reversed because it substantially modified the decree for divorce entered September 11, 1973, with no showing of any change in circumstance at all whereby the decree could be modified to suspend alimony and reduce child support;

(2) Whether plaintiff was denied procedural due process of law in that she was neither given notice nor an opportunity to be heard that child support was sought to be or would be reduced; and

(3) Whether the plaintiff was denied meaningful pretrial discovery contrary to law."

Plaintiff argues that the trial court erred in refusing to enter contempt sanctions upon the defendant and that the trial judge "rewarded defendant by actually suspending alimony and substantially reducing child support."

Defendant fully complied with the trial court's order to pay a support arrearage and to comply with the decree for divorce. Defendant paid $525 instanter, and by agreement with the plaintiff thereafter paid the remainder due. Contempt sanctions were not appropriate since the purpose of the sanction by civil contempt is to insure compliance with the court's orders and not to punish the defendant.

Although plaintiff vigorously demanded that the trial court enter what the plaintiff denoted as "interlocutory relief" or immediate contempt sanctions without a hearing, the trial court properly refused to find defendant in contempt and impose sanctions without a hearing. Defendant testified that while he had not paid the insurance premiums, said premiums had been waived under the terms of the policy by reason of defendant's heart condition.

Plaintiff stated that at the time of the divorce trial she earned a net take home pay of $100 per week. She changed jobs and at the time of the hearing of the post decree petitions she was earning $540 net per month. In addition, she was receiving $30 per month as child support, $75 per month as alimony and $83.10 per month as Social Security benefits for the child by reason of defendant's heart condition. The child was not living with plaintiff, but was living with baby sitters since January, 1974. When asked which baby sitter the child was with each month and how much she paid the baby sitter, the plaintiff said she did not remember.

Defendant suffered a heart attack in May, 1972, and since the decree for divorce he is not capable of any full-time work. Upon the advice of his doctors, he moved to Florida. At the same time he sold his interest in the insurance agency and invested the proceeds of the sale in several business ventures which were not successful. Defendant's corporation known as

"Reuben Broday and Company" is now defunct. Defendant's use of a house in Florida without charges is a temporary accommodation from a friend who tried to help defendant through a financial crisis.

In reducing child support, the trial court found that the plaintiff was well able to contribute $50 per month and that she had an affirmative obligation to do so.

In *In re Estate of Weisskopf* (1963), 39 Ill. App. 2d 380, 387, 188 N.E.2d 726, 729, the appellate court found the obligation to support a child falls upon the shoulders of both father and mother. The court stated at page 387:

> "There is no longer any substantial reason why different standards should obtain for a father and a mother. Both should support their children to the extent of their ability."

In *Plant v. Plant* (1974), 20 Ill. App. 3d 5, 7, 312 N.E.2d 847, 849, the appellate court held:

> "In our opinion the support of a child is a joint and several obligation of both husband and wife, the amount and source thereof to be determined on the basis of the needs of the child and the means and capacity to produce income of the respective parents. In other words, contributions to support as between the parents should be determined in proportion to their financial ability based on the facts of the individual case. We recognize that this is contrary to the traditional view that support of a child is exclusively a husband's obligation and that a wife's income, assets and ability to provide for a child are irrelevant. But with the emancipation of women and the change in times we believe this view to be outmoded as indicated by more modern case law and statutory enactments." 20 Ill. App. 3d 5, 7.

We agree with the trial court that there was sufficient showing of a change in circumstances whereby the decree could be modified to suspend alimony and reduce child support in accordance with the trial court's order of November 9, 1974.

Plaintiff further argues denial of procedural due process of law because she was not given notice nor an opportunity to be heard that child support was sought to be or would be reduced. We agreed with the defendant-appellee that the plaintiff's contention is without merit. The plaintiff was given the opportunity to present proof of the needs of the child and mother and of the financial circumstances of the parties. Plaintiff took the discovery deposition of defendant on the first day of the 3-day post-decree hearing.

Lastly, plaintiff argues that she was denied meaningful discovery in that the trial court refused to allow plaintiff to take defendant's deposition in advance of trial. The trial court, rather than denying plaintiff discovery,

afforded plaintiff the opportunity to depose the defendant in the court's anteroom and plaintiff did so. Plaintiff in fact took the discovery deposition of defendant at the outset of the first day of the 3-day post-decree hearing. In addition the trial court promised throughout the hearing to allow plaintiff further discovery if the deposition was insufficient.

For the reasons above set forth, the order of the circuit court is affirmed.

Affirmed.

BURMAN and DIERINGER, JJ., concur.