DALE FREDERICK CROSS, Plaintiff-Appellee, v. IDA LOUISE CROSS, n/k/a Ida Louise Elvik, Defendant-Appellant.

Third District   No. 76-202

Opinion filed June 6, 1977.

1056

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Marshall E. Douglas, of East Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is by petitioner-appellant, Ida Louise Cross, from the judgment of the circuit court of Whiteside County denying her petition to modify a divorce decree granted respondent-appellee, Dale Frederick Cross.

On May 6, 1975, respondent, Dale Cross, was granted a divorce from petitioner. Pursuant to stipulation, respondent received custody of the two older minor children and petitioner received custody of the youngest child. No provision was made as to child support and child support was not mentioned in the decree. On January 20, 1976, after petitioner had been remarried to respondent's nephew, she filed a petition to modify the decree. She alleged that since the entry of the decree one of the children of whom respondent had custody had entered the armed services and therefore respondent no longer supported that child. Furthermore, petitioner stated she was unemployed, pregnant and in need of support for the minor child of her marriage with respondent. Petitioner had an additional child some 9½ months after the entry of the divorce decree. She further alleged that respondent was well able to pay support for the child in her custody under the decree. She requested attorney fees incurred in bringing the petition to modify.

■■■ There are two issues on this appeal; one, whether the trial court committed error in refusing to grant the petition to modify the judgment of divorce; and, two, whether the trial court erred in denying petitioner attorney fees in conjunction with her petition. With regard to the first issue, the general rule regarding increasing child support payments is that the proof must show an increased need of the child for additional support and an increased ability on the part of the parent to pay additional support. (*Page v. Page*, 30 Ill. App. 3d 514, 334 N.E.2d 212, and *Daniels v. Daniels*, 38 Ill. App. 3d 697, 348 N.E.2d 259.) With regard to the first requirement that there be an increased need of the child for additional support, there was evidence that subsequent to the divorce petitioner no longer worked, was pregnant, eventually had the baby and stays home to take care of the baby. At the time she filed her petition the child had not yet been born but at the time of the hearing the event had taken place. At the time of the divorce, although she did not work after the divorce, she was making approximately $75 per week. She subsequently remarried and had a child. This would show some need on the part of the minor child of the parties for additional support. This, of course would not be sufficient by itself to justify the awarding of the support for this child. With regard to the second requirement that there be an increased ability on the part of the parent to pay additional support, there was testimony showing the respondent husband earned about $5 more per week than he did at the time of the divorce. Furthermore, with regard to the marital

domicile which he was awarded as part of the agreement, he was renting it at the time of this petition to a relative for $125 per month. Furthermore, one of the two children of whom he was given custody was now in the armed services and consequently emancipated.

■■ The court, after closing arguments, stated that petitioner appeared to have agreed to the situation. She quit her job the day after the divorce was granted and she was pregnant at the time of the divorce. He stated that she must have known what was ahead. The trial court's conclusion that the petitioner was pregnant at the time of the divorce is erroneous since there is no evidence supporting such conclusion. In proceedings for an increase in child support payments the burden is on the petitioner to prove material change in circumstances by clearly establishing increased need for support of children and corresponding increased ability on the part of the husband to pay. *Goldberg v. Goldberg*, 36 Ill. App. 3d 778, 344 N.E.2d 721.

■■■ The primary question in this case is the ability of the father to contribute to the support of his child since the need for support is well established and there was no provision made for such support at the time of the divorce. In the instant case there was evidence to show both some increase in ability on the part of the husband to pay and an increased need on the part of the child for support. The trial court in its comments indicated its basis for its finding was that petitioner was pregnant at the time of her divorce and knew she was going to quit her job. This apparently indicated to the trial court that she was agreeing to the situation as it existed after the decree regarding support of the child. The parties to an agreement regarding child support cannot agree to the detriment of the child. The fact that at least a part of the trial court's reasoning consisted of the assumption that the parties knew what they were getting into is not a valid basis for affirming such an agreement. Since the trial court apparently misinterpreted the controlling principles in determining the granting of a modification of support order, this cause will be remanded for a new trial.

■■ Since in our view the cause must be reversed and remanded for a new trial, we believe it is unnecessary to discuss the issue relating to the allowance of attorney fees. The trial court's ruling on the allowance of attorney fees was arrived at in the context that petitioner was not entitled to the substantive relief which she requested. In view of our decision the trial court should be given the opportunity of reconsidering this issue.

For the foregoing reasons the decree of the circuit court of Whiteside County is reversed and remanded for a new trial.

Reversed and remanded.

ALLOY, P. J., and BARRY, J., concur.