DARYL D. SULLIVAN, Plaintiff-Appellee, *v.* MARY ANN SULLIVAN, Defendant-Appellant.

Third District    No. 77-346

Opinion filed March 9, 1978.

William E. Stewart, of Kewanee, for appellant.

Dana R. McReynolds, of Kewanee, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Mary Ann Sullivan, appeals from the trial court's denial of her counterclaim for arrearages under a prior foreign divorce decree, increased child support and attorney's fees. The proceedings were

initiated by plaintiff when he filed a petition for change of custody of one of the parties' minor children. No appeal has been taken from the trial court's denial of plaintiff's petition.

The parties were divorced October 9, 1968, in the State of New York. Under the terms of a separation agreement which was incorporated into the divorce decree, defendant obtained custody of the parties seven children. Of those children, one is now emancipated and the remaining children range in age from 9 to 19 years. The separation agreement provided for $90 per month child support for each child and $25 per month as alimony. Provisions were also included for increasing alimony as the children attained the age of 21. Plaintiff has been paying defendant a total of $700 per month for alimony and child support. While some confusion exists in the testimony as to what the respective amounts of child support and alimony are, plaintiff claimed an alimony deduction of $2,225 (or $188 per month) on his 1976 Federal income tax return. By the terms of the decree, plaintiff is entitled to claim all children of the marriage as dependents. The separation agreement also contained certain provisions relating to the parties marital domicile in New York and which form part of the present dispute.

Paragraph 9 of the New York decree provided that plaintiff pay all monthly mortgage payments on the marital property in Painted Post, New York (which included principal, interest, taxes and insurance premiums). All maintenance and repairs on the premises were also to be paid by the plaintiff. Paragraph 9 also provided in material part,

> "If the premises * * * are by mutual consent of the parties hereto, sold before the youngest of issue * * * is twenty-one (21) years of age, or is sooner emancipated, any equity existing at that time in the real property which is not re-invested at the time of the sale into other residential property for the party of the first part and the issue of the marriage, shall at the time of the sale be divided between the parties hereto with two-thirds of said equity to be distributed to the party of the first part and one-third of said equity to become the property of the party of the second part. It being understood that in the event of such a re-investment in residential real property, the party of the second part will pay on any purchase mortgage involved in such transaction, a sum comparable to the monthly mortgage payments, plus interest, taxes and insurance being presently paid on the premises * * * for a period of years not exceeding the period of payment remaining under the mortgage obligation then in effect on the * * * premises."

The New York property was sold and two-thirds of the net proceeds from the sale was given to defendant, one-third to plaintiff. Defendant

testified to being unable to immediately finance a house. Two and one-half years after the sale of the New York property, defendant was able to purchase a house in Kewanee, Illinois by assuming a mortgage and using the proceeds she received from the sale of the New York property as a down payment. Principal, interest, taxes and insurance premiums on the Illinois property total approximately $150. Similar payments of the New York property were $230. During the time period between the divorce decree in January 1968 and the sale of the New York property in August 1968, plaintiff paid the $230 per month mortgage payments. After the sale of the New York property and distribution of the proceeds, plaintiff ceased making the $230 monthly payments and has refused to contribute further funds towards the purchase of a residence for defendant and children.

In support of her claim for increased child support, defendant testified to a variety of expenses including specific dollar amounts for some items and estimates for others. An examination of the record reveals that the itemized expenses incurred by the defendant total approximately $945 per month for herself and the six children. Defendant also testified that she had no savings and had been unable to accumulate any. Defendant's primary asset is her residence in Kewanee, Illinois, which was purchased for $16,900 and is subject to a mortgage on which $12,000 in principal remains to be paid. Defendant's employment provides her with $114 per week take home pay.

The plaintiff testified that since his divorce from defendant, he has remarried and has four children. Plaintiff's 1976 income tax return was admitted into evidence and reveals gross income of $50,550 and after-tax income of $44,417. At the time of the divorce decree plaintiff was receiving gross income of $17,700 per year. As concerns plaintiff's expenses from his second marriage, the only testimony given was that plaintiff's expenses had increased substantially since the parties were granted the divorce in 1968. For the months of August 1975 and June 1976, plaintiff paid only $350 each month in child support and alimony payments, justifying the unilateral reduction because the children were visiting with him during those time periods.

Defendant raises three issues on appeal. First, defendant claims that under paragraph 9 of the divorce decree, she is entitled to the sum of $230 per month since the time she purchased her present residence, or approximately $20,000. In addition defendant maintains she is entitled to $700 for past due child support and alimony because of plaintiff's failure to pay the full amount of alimony and child support for the months of August 1975 and June 1976. Second, defendant maintains the trial court abused its discretion in denying defendant's motion for an increase in child support and alimony. Finally, defendant claims she is entitled to

attorney's fees, both for defending plaintiff's petition for change of custody and for pursuing her counterclaim.

■■ As to defendant's counterclaim for $20,000 under paragraph 9 of the settlement agreement, we interpret that provision to impose upon plaintiff a continuing obligation to pay up to $230 per month for a second residence only if the net proceeds from a sale of the New York property were invested into another residence at the time of the sale. Once the defendant agreed to divide the net proceeds of the sale between herself and plaintiff, choosing not to invest those proceeds into a second home at the time of the sale, she was no longer entitled to have plaintiff make mortgage payments up to $230 per month. Adopting defendant's position would mean disregarding the clear import of the qualifying phrase, "It be understood that in the event of such a re-investment in residential real property." The language in the above phrase, "such a re-investment in residential real property," we think refers to the language "re-invested at the time of the sale into other residential property" set forth in the prior sentence. Hence, unless the net proceeds from the sale of the New York property were invested near in time to the sale, plaintiff was under no duty to continue mortgage payments. While we doubt that a purchase of a second residence and the sale of the New York property had to be contemporaneous with one another for plaintiff to be responsible for mortgage payments, a lapse of 2½ years in time between the sale of one residence and a purchase of another certainly relieved plaintiff of that obligation. The trial court was correct in denying defendant's counterclaim for $20,000 in mortgage payments. However, we believe the trial court erred when it denied defendant's counterclaim for $700 in back alimony and child support.

■■ According to plaintiff's testimony, he believed full payment was unnecessary since the children were visiting him during each of the two months. Defendant did not agree to the reduced payments nor is any provision contained in the decree regarding reduction of payments during periods of visitation. Without such authority or defendant's agreement, plaintiff was not entitled to reduce unilaterally his alimony and support payments below that mandated by the decree, which he clearly did by his payment of only $350 in each month. Once the amount of child support and alimony is determined and entered into a court order, plaintiff is not entitled to diminish those amounts regardless of his opinion as to what is needed or unneeded in the way of support or alimony payments. Over the years plaintiff has treated the amount of $700 per month as being the amount of payment required by the decree and hence any suggestion that a lesser amount was required is without merit. Defendant was entitled to the $700 she claimed in her counterclaim.

The next issue relates to defendant's claim for additional child support

and alimony. She argues that the court abused its discretion in denying her request.

Before modification of child support is justified, a material change in circumstances must be shown and a party seeking the modification has the burden of proving these changes. (*Gaines v. Gaines*, 106 Ill. App. 2d 9, 245 N.E.2d 574.) An increase in child support is justified only when the needs of the children and the earnings of the parent contributing support payments have increased. (*Kelleher v. Kelleher*, 67 Ill. App. 2d 410, 214 N.E.2d 139.) Modification of child support payments rest within the discretion of the trial court. (*Sandberg v. Sandberg*, 11 Ill. App. 3d 495, 297 N.E.2d 654.) We believe defendant has established that a material change in circumstances has occurred since the entry of the prior order and the trial court abused its discretion in denying defendant additional child support and alimony.

When the original decree was entered, plaintiff was responsible for providing shelter for defendant and their children, the total house payments equalling $230 per month together with any maintenance costs. Upon the sale of the New York property, the burden shifted to defendant. While we have previously indicated that plaintiff is not responsible to defendant for any future or past payments under paragraph 9 of the separation agreement, shifting the entire cost of providing shelter from plaintiff to defendant constituted one reason for increasing child support and alimony. Further reasons exist which support a finding of change in circumstances.

■■ Defendant testified that her weekly food bill had increased from $40 per week to $100 per week, partly because of the increasing size of the six children. One child age 19 is in college with all the attendant expenses. Defendant also testified to having to live from one month to the next. The only real asset available to defendant in case of emergency is her $5,000 equity in the Kewanee residence. Without a $600 loan from her father, to be used as a down payment, defendant would have been unable to purchase a car for herself and her children. Several children are or will soon be driving the family car with the resulting increases in insurance and other automotive expenses, expenses which did not exist when the decree was entered. We believe these reasons and defendant's assuming the costs of providing shelter require us to hold the trial court abused its discretion in denying increased child support and alimony.

■■ For increased alimony and child support to be warranted, the law requires only that there has been an increase in the needs of the children and the custodial parent since the time of the prior award of alimony and support, and an increase in the other parent's ability to pay. While we agree with plaintiff that both divorced parents are responsible for the care and well being of their children (see *Hursh v. Hursh*, 26 Ill. App. 3d 947,

326 N.E.2d 95), it does not follow that their burden is equal. It is only equitable that a parent with a disportionately greater income than the other bear a greater share of the costs of support, especially if it is the noncustodial parent who is earning greater income. Here, defendant had testified to having no savings and spending all of her $5,928 annual net income to provide necessities for herself and her children. Plaintiff's gross income has increased from $17,700 per year in 1968 to $50,550 in 1976, while support and alimony payments have only increased from $650 per month to the $700 per month payments plaintiff is now making. While plaintiff's increased ability to pay is diminished by his other marital obligations and duties of support, we believe defendant has affirmatively established a right to increased child support and alimony. Furthermore, the trial court failed to properly consider that where plaintiff's increased ability to pay is demonstrated, a proper basis for establishing increased need is that since the entry of the original support provision, the children have grown older and the cost of living has risen. *Addington v. Addington*, 48 Ill. App. 3d 859, 363 N.E.2d 151.

At this juncture it would be inappropriate for this court to determine the precise amount of additional alimony and child support called for and the cause will be remanded for that determination.

■■ As to the trial court's denial of defendant's request for attorney's fees, suffice it to state that defendant testified that she has no savings or other liquidable assets with which to pay attorney's fees and needs all of her present earnings to pay household expenses, whereas plaintiff would appear to have the financial ability to pay those fees. That portion of the judgment denying defendant's request for attorney's fees is reversed and the cause remanded for further proceedings to determine the amount of reasonable attorney's fees to be awarded.

Accordingly, the judgment of the circuit court of Henry County denying the counterclaim is reversed and remanded with directions to proceed consistent with the views expressed herein.

Judgment reversed and cause remanded.

ALLOY and STENGEL, JJ., concur.