LEONARD DIAZ, Plaintiff and Respondent-Appellee, *v.* OPAL DIAZ, Defendant.—(NORTHTOWN BANK OF DECATUR, Petitioner-Appellant.)

Fourth District   No. 15775

Opinion filed April 16, 1980.

Samuels, Miller, Schroeder, Jackson and Sly, of Decatur (William O. Martin, Jr., and Gary E. Campbell, of counsel), for appellant.

James Zachry, of Burger, Fombelle, Wheeler & Dvorak, of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

At issue here are two attempts by plaintiff Northtown Bank of Decatur (the Bank) to recover against respondent Leonard Diaz (Leonard) one-half of a judgment the Bank had obtained against Leonard's ex-wife Opal Diaz (Opal). The judgment against Opal had been entered in Macon County case No. 76-LM-324, Northtown Bank of Decatur v. Diaz. Prior to entry of that judgment, the Diaz divorce decree in Macon County case No. 76-D-168, Diaz v. Diaz, had ordered Leonard to "pay one-half of the final amount due and payable" in the Bank's case against Opal. In a supplementary proceeding in case No. 76-LM-324, the

Bank filed a citation to discover assets against Leonard, pursuant to section 73 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 73). Subsequently, in the divorce case, the Bank filed a petition for rule to show cause why Leonard should not be held in contempt for failure to comply with the provision of the divorce decree quoted above. On August 28, 1979, on Leonard's motion, the trial court dismissed both the citation and petition. The Bank appeals both dismissals, and the two appeals have been consolidated.

Section 73 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 73) provides for supplementary proceedings to enable a judgment creditor to recover on his judgment. Subsection (1) provides:

> "A judgment creditor, or his successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from execution, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplemental proceedings shall be prescribed by rules. It is not a prerequisite to the commencement of a supplementary proceeding that an execution has been returned wholly or partly unsatisfied."

Supreme Court Rule 277 (73 Ill. 2d R. 277) governs such supplementary proceedings. Subsection (a) provides in part:

> "A supplementary proceeding authorized by section 73 of the Civil Practice Act may be commenced at any time with respect to a judgment upon which execution may issue. The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor."

The Bank contends that Leonard could properly be cited in a section 73 supplementary proceeding because he was indebted to the Bank's judgment debtor, Opal, as a result of the provision in the divorce decree ordering him to pay one-half of the Bank's judgment against her.

■■ Section 73(5) provides that the rights of any person cited (other than the judgment debtor) shall be asserted and determined pursuant to the law governing garnishment proceedings. Generally, an indebtedness sought to be garnished must be a claim upon which the judgment debtor himself could have maintained an action against the garnishee. (*Kores Carbon Paper & Ribbons Manufacturing Co. v. Western Office Supply Co.* (1953), 349 Ill. App. 208, 110 N.E.2d 461.) Leonard contends that

Opal could not have maintained an action against him because the divorce decree created only "an indemnity" of a nature such that Opal could not recover from him unless she had first paid the full amount of the judgment or, at least, her one-half. There was no evidence that Opal had done so.

Although the indemnity here was created by court order, a direct analogy can be drawn to the law governing contracts of indemnity.

"Contracts of indemnity are generally classified as those which indemnify against (1) loss or damage or (2) liability. A contract which simply indemnifies, and nothing more, is against loss or damage only, whereas a contract which binds the indemnitor to pay certain sums of money or perform other acts which will prevent harm or injury to the indemnitee is one of indemnity against liability. A single contract may, however, indemnify against both actual loss or damage and liability." 41 Am. Jur. 2d *Indemnity* §1, at 687 (1968).

"Where a contract of indemnity contains a promise by the indemnitor to perform a certain act or to make specified payments for the benefit of the indemnitee, an immediate right of action accrues to the indemnitee upon the failure of the indemnitor to perform, regardless of whether any actual damage has been sustained." 41 Am. Jur. 2d *Indemnity* §28, at 719 (1968).

"Where the contract is one of indemnity against liability as distinguished from indemnity against loss or damage, it is generally held that an action may be brought and a recovery had as soon as the liability is legally imposed, as when judgment is entered. It is sufficient to show that a judgment has been recovered against the person to be indemnified, although such judgment remains unpaid." 41 Am. Jur. 2d *Indemnity* §31, at 721-22 (1968).

■■ The language that Leonard "shall pay" one-half of the Bank's judgment against Opal created an indemnity against liability which was enforceable against Leonard as soon as the liability was legally imposed. Leonard's obligation is to relieve Opal from liability for one-half of the judgment, and it is not dependent on Opal's prior payment of any portion of the judgment.

■ With respect to the Bank's attempt to initiate contempt proceedings against Leonard, we do not find the dismissal of the petition for rule to show cause to be erroneous. The Bank was not a party to the divorce action and was only an incidental beneficiary of the decree. It is quite usual in matrimonial cases for the court to order one spouse to pay a debt or obligation of the other. Great difficulties could well arise if such creditors could, as a matter of right, use the contempt process to require such payment. No case so holding has been called to our attention. By

way of analogy we note that section 26.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 26.1(1)) sets forth the grounds on which an outside party may intervene in a civil proceeding as a matter of right. None of such grounds exist here.

The order dismissing the Bank's citation to discover assets in Macon County case No. 76-LM-324 is reversed and the cause is remanded for further proceedings pursuant to section 73.

The order dismissing the petition for rule to show cause in Macon County case No. 76-D-168 is affirmed.

Macon County case No. 76-D-168 affirmed.

Macon County case No. 76-LM-324 reversed and remanded.

MILLS, P. J., and TRAPP, J., concur.