*In re* MARRIAGE OF MARIE GARRISON, a/k/a Marie Davenport, Plaintiff and Respondent-Appellant, and JAMES GARRISON, Defendant.— (JAMES RICHARD GARRISON, Petitioner-Appellee.)

Second District   No. 80-570

Opinion filed August 20, 1981.

Stanley A. Kula, of Kula and Kula, of Lombard, for appellant.

Robert F. Van Epps, of Elmhurst, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff-respondent, Marie Davenport, appeals from a judgment of the circuit court of Du Page County ordering her to establish a trust for the benefit of her son, petitioner James Richard Garrison, and also requiring her to pay his attorney's fees and costs.

Respondent's marriage to petitioner's father, James Garrison, Sr., was dissolved by a judgment of the circuit court of Cook County on September 1, 1972. Petitioner was the only child born of the marriage and was 13 years of age at the time of his parents' divorce. The parents entered into an oral property settlement agreement in their divorce proceeding which was approved by the court and its terms were incorporated into the decree. It provided *inter alia* that custody of petitioner was awarded to respondent and his father was ordered to pay $60 each week to his mother for petitioner's support and also to provide for his extraordinary medical, dental and hospital care. In addition, the father was directed to designate respondent as beneficiary-trustee, for the benefit of petitioner during his minority, of certain life insurance policies having a face value of $11,500. As relevant to this case the decree also provided that:

> "The Defendant shall provide for the college education for the child, JAMES, and for his maintenance while attending college, in accordance with the ability of the Defendant to so provide, and the child being educable.
>
> The Plaintiff is awarded as her sole and separate property, the real estate and improvements contained thereon located at 118 W. Vermont, Villa Park, Illinois, with the specific provision that if and when said real estate is sold, that the plaintiff shall, at that time, set up and create from the sale price, a trust for the benefit of the child, JAMES, which shall be in the amount of Three Thousand Six Hundred and no/100 Dollars [$3,600.00]."

Respondent sold the residence in question in June 1977 but did not create a trust for petitioner's benefit from the proceeds of the sale. In September 1977 petitioner entered college, and in November 1978 he filed a petition to establish and enforce the Cook County decree for divorce in the circuit court of Du Page County. (Ill. Rev. Stat. 1977, ch. 40, par. 511(b).) The petition alleged that respondent now resided in that county; that she had sold the Villa Park real estate in June 1977 and that

she had failed and refused to create a trust for petitioner's benefit from the proceeds as required by the decree of divorce. It was further alleged petitioner was now an adult, that he was required to retain counsel to present his petition and that respondent had sufficient means to pay her son's attorney's fees and costs in this proceeding. Petitioner requested that the judgment for divorce be established in the trial court, that judgment be entered in his favor against respondent for $3,600 plus interest from the date of the sale of the property and that he be awarded attorney's fees and costs of this action.

Respondent's initial motion to strike the petition on the grounds petitioner lacked standing to seek enforcement of the decree for divorce was denied by the trial court. She then answered and admitted she had failed and refused to create a trust for the benefit of petitioner, again alleging, however, that petitioner lacked standing to enforce the terms of the decree for divorce. Petitioner thereafter filed a motion for summary judgment stating the provision in the decree requiring respondent to establish a trust upon sale of the property and her acknowledgement she had not done so left no remaining factual issue to be resolved. The trial court agreed and entered judgment requiring respondent to (1) establish a trust for the benefit of the petitioner, with herself as trustee, in the amount of $3600 with 5¼ percent interest from the date of the sale of the property and (2) pay petitioner's costs and attorney's fees in the sum of $1,603.03.

The trial court noted that the original divorce decree had required petitioner's father, James Garrison, Sr., the defendant in that proceeding, to provide for petitioner's college educational expenses. It also recognized the father had a $3600 special equity in the Villa Park home which had been awarded to respondent. The court reasoned that its order would serve to guarantee that petitioner's education expenses would be met if the father was unable to fulfill his obligation under the decree.

Petitioner's father was not joined as a party to this supplemental proceeding and did not appear therein. The record discloses only that the father is retired and receives social security benefits.

Respondent contends on appeal (1) the trust sought to be enforced by petitioner was void *ab initio* as violating the rule against perpetuities; (2) the trust was a nullity as it did not set forth the manner in which it was to be performed and did not provide that it was for the purpose of petitioner's support or education; (3) petitioner lacks standing in this proceeding to enforce a provision of his parents' divorce decree; and (4) the trial court lacked authority to award petitioner attorney's fees in this matter.

■■ ■ Respondent's first two contentions are without merit. The 1972 divorce decree did not purport to create a trust, and petitioner does not seek to enforce an existing trust in this proceeding but rather to compel

respondent to create one as was required by the divorce decree. In addition, respondent's arguments are directed to the substance of the decree for divorce and could only have been raised in a direct appeal. She may not now challenge the decree ordering her to create a trust; her collateral attack could only question the jurisdiction of the court which entered it (see *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 128, 309 N.E.2d 356, 360), and she has not done so.

Respondent next contends that her adult son, petitioner herein, lacks standing to seek enforcement of the divorce decree to which he was not a party. She relies primarily on *Kelleher v. Kelleher* (1974), 21 Ill. App. 3d 601, 316 N.E.2d 212, a case decided under the former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*), in which the appellate court affirmed the dismissal of a petition brought by a minor child, by next friend, in his parents' divorce action, to compel his father to pay past-due child support. The court noted the absence of Illinois authority permitting such actions and concluded other jurisdictions also generally did not allow them. (See generally Annot., 34 A.L.R.3d 1357 (1970); Annot., 13 A.L.R.2d 1142 (1950).) Respondent asserts that there was no provision in the former divorce act nor is there any in the present Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*), under which the present proceeding was commenced, authorizing a child to enforce the provisions of his parents' divorce decree.

Petitioner urges we reject the *Kelleher* holding and refers us to *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028, and *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279. In *Sommer* the court noted the well-established rule that children of divorced parents become, in effect, wards of the court, but its opinion cannot fairly be considered as support for petitioner's standing in this case to initiate proceedings to enforce the provisions of his parents' divorce judgment. Nor is *In re Sharp* helpful to our consideration of this issue. There the court considered a somewhat related question of whether the mother's petition to modify child support should have been dismissed on the father's motion because the proceedings was not initiated by the 20-year-old child in her own person. This argument was rejected, the court holding that the mother was a party and therefore authorized to seek modification of the judgment for support pursuant to section 510 of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510). The court did not reach the question before us, however, as to whether the child might bring such an action in her own name and person. *In re Sharp* (1978), 65 Ill. App. 3d 945, 951, 382 N.E.2d 1279, 1284.

■■ It is well established that a court's jurisdiction in a dissolution of marriage action is conferred only by statute and it must act within the statutory grant and may not rely upon its general equity powers. (*Strukoff*

*v. Strukoff* (1979), 76 Ill. 2d 53, 60, 389 N.E.2d 1170, 1172-73; *Gray v. Gray* (1978), 57 Ill. App. 3d 430, 437, 373 N.E.2d 317, 323.) Section 511 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 511) describes the general procedures by which a judgment of dissolution may be enforced, but it does not suggest they may be undertaken by one who is not a party to the judgment. Nor do any other sections of the Marriage and Dissolution of Marriage Act, or the Uniform Act after which it was patterned, expressly create a right in a child, either during his minority or on becoming an adult as in the present case, to enforce the provisions of his parents' judgment of dissolution or divorce. (See Ill. Rev. Stat. 1979, ch. 40, pars. 502(e), 503(d); 9A Uniform Laws Annotated, Uniform Marriage and Divorce Act §101 *et seq.* (1979).) We have also examined the Smith-Hurd Historical and Practice Notes (Ill. Ann. Stat., ch. 40, par. 101 *et seq.* (Smith-Hurd 1980)) and find no suggestion by the commentators which might support petitioner's argument.

In a somewhat analogous context the court in *Diaz v. Diaz* (1980), 83 Ill. App. 3d 341, 403 N.E.2d 1219, rejected an effort by a creditor which was not a party to the divorce action, although it was an incidental beneficiary of the judgment, to petition for a rule to show cause to enforce a payment ordered by the divorce judgment. The court noted it was quite usual in matrimonial cases that one spouse be ordered to pay a debt of another but that "[g]reat difficulties could well arise if such creditors could, as a matter of right, use the contempt process to require such payment." 83 Ill. App. 3d 341, 343, 403 N.E.2d 1219, 1221.

■■ One of the purposes of the Marriage and Dissolution of Marriage Act is to "* * * safeguard family relationships" (Ill. Rev. Stat. 1979, ch. 40, par. 102(2)). Whether that purpose would be fostered by giving children of divorced parents standing to proceed against them for support, maintenance or educational purposes in a dissolution action should, in our view, be first addressed by the legislature. (See, *e.g., Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 61, 394 N.E.2d 1204, 1209.) We conclude petitioner lacked standing in this proceeding to seek enforcement of the provisions of the judgment for divorce to which he was not a party.

■■ Petitioner has also referred to *Lawrence v. Coddington* (1893), 52 Ill. App. 133, and 12 Ill. L. & Prac. *Contracts* §92 (1955), contending he may bring an action as a third-party beneficiary of his parents' property settlement agreement. (See also Ill. Rev. Stat. 1979, ch. 40, par. 502(e).) He did not, however, allege such a contract action in his pleadings nor was any evidence submitted to the trial court in support of this theory. The issues of a case are framed by the pleadings (*Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 518, 377 N.E.2d 21, 24), and it has been said "to have evidence without pleading an issue is as fatal as pleading an issue and not supporting it with evidence." (*In re Walton*

722

(1979), 79 Ill. App. 3d 485, 487-88, 398 N.E.2d 409, 411.) As this issue has been raised for the first time on appeal we will not consider whether it has merit. See, *e.g.*, *In re Marriage of Conradson* (Colo. App. 1979), 604 P.2d 701; *Gibbs v. Giles* (Nev. 1980), 607 P.2d 118; Annot., 34 A.L.R.3d 1357 (1970).

■■ We also find that the trial court lacked authority to award petitioner his attorney's fees and costs of suit. Attorney's fees may be awarded to a litigant only when expressly authorized by statute or when agreed to by the parties. (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 373, 418 N.E.2d 744, 748; *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 486, 420 N.E.2d 796, 798.) Section 508 of the Marriage and Dissolution of Marriage Act provides that a court "may order either *spouse* to pay * * * attorney's fees necessarily incurred by the other *spouse* * * *." Section 506 permits the court to award fees to an attorney who has been appointed by the court to represent the interest of a minor or dependent child. As petitioner is an adult child of the parties to this action, not one of the spouses, and his attorney was retained by him and not appointed by the court, the award of fees and costs was erroneous.

Accordingly, the judgment of the circuit court of Du Page County is reversed and remanded with directions that the petition be dismissed.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.