ROBERT J. BALDASSARI, Plaintiff, v. CHELSA DEVELOPMENT
GROUP, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Irving Federal Savings and Loan Association, Third-Party Defendant-Appellee).

Second District No. 2—89—0765

Opinion filed April 3, 1990.

James H. Wolf, of James H. Wolf & Associates, Ltd., of Chicago, for appellants.

Louis P. Svendsen, of Ryan & Nelson, Ltd., of Arlington Heights, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

On October 29, 1985, plaintiff, Robert J. Baldassari, filed an action against Chelsa Development Group, Inc. (Chelsa), Clyde Carlig, and Helmut Peter (defendants), alleging fraudulent misrepresentation and breach of contract in connection with a limited partnership agreement. On September 2, 1987, defendants filed a third-party complaint against Irving Federal Savings and Loan Association (Irving), alleging that it had breached its commitment to loan defendants $2 million, causing defendants to breach their contract with plaintiffs. On June 27, 1988, the court approved a settlement between plaintiff and defendants. At that time, plaintiff withdrew his jury demand. On August 3, 1988, defendants filed their written jury demand. Irving filed a motion to strike the jury demand as untimely, and the trial court granted this motion on April 17, 1989. The cause proceeded to a bench trial, and the trial court found in favor of Irving on all counts. Defendants now appeal from the judgment entered against them, raising the sole issue of whether the trial court abused its discretion in finding their jury demand was not filed promptly and striking it.

The facts giving rise to this litigation may be briefly summarized. Defendants Carlig and Peter are the principal shareholders, directors and officers of defendant Chelsa. Early in 1985, Chelsa, as general partner, entered into a limited partnership agreement with plaintiff as the sole limited partner. The purpose of the limited partnership agreement, pursuant to which plaintiff advanced $100,000, was to purchase and develop certain real estate in Lake County, Illinois. Defendants never properly exercised their option to purchase the real estate, and the venture was ultimately unsuccessful. Plaintiff's complaint, which was filed on October 29, 1985, essentially alleged that defendants misrepresented the details of its negotiations with the seller of the land to be developed, thereby inducing plaintiff to contribute additional

capital to the limited partnership. Plaintiff also alleged that defendants breached terms of the limited partnership agreement providing for the return of portions of his contribution upon the occurrence of certain events. Plaintiff sought judgment in the amount of $100,000 plus $500,000 in punitive damages. Plaintiff's demand for a trial by a jury was noted on the complaint.

Defendants filed their answer on April 6, 1987, and their third-party complaint against Irving was filed on September 2, 1987. Neither was accompanied by a jury demand. The third-party complaint alleged that Irving breached an oral commitment to loan defendants $2 million so that they might purchase the real estate, which was the subject of the limited partnership agreement. Defendants alleged that Irving's failure to fulfill its oral loan commitment directly caused defendant to breach the limited partnership agreement with plaintiff. Defendants sought damages in excess of $500,000.

On June 27, 1988, the trial court entered an agreed order reflecting a settlement between plaintiff and defendants. The order, which ended plaintiff's involvement in the case, called for judgment to be entered in favor of plaintiff in the amount of $125,000, plus interest and attorney fees. The order also noted that "[p]laintiff's jury demand is hereby withdrawn."

On August 3, 1988, 37 days after the agreed order entering judgment against defendants on plaintiff's complaint, defendants filed a substituted jury demand. Thereafter, Irving filed a motion to strike defendants' jury demand on the ground that it was not filed "promptly" after the withdrawal of plaintiff's jury demand as required by section 2—1105 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1105). On March 8, 1989, defendants filed a response to the motion to strike. The response claimed that defendants' jury demand was timely filed because an oral jury demand was made on June 22, 1988. Defendants also claimed that they had good reason for the five-week delay in filing their written jury demand because they were waiting for Irving to file its objection thereto. Defendants' response was accompanied by the affidavits of James H. Wolf, attorney for defendants, and Bernard J. Kayne, plaintiff's attorney, which stated that defendants made an oral jury demand on June 22, 1988, before Judge Stephen E. Walter.

The record contains no transcript of any proceedings on June 22, 1988, nor does the common-law record show an oral jury demand. In a written order dated April 17, 1989, Judge Raymond J. McKoski granted Irving's motion to strike defendants' jury demand.

On April 24, 1989, defendants filed a motion for reconsideration

of the trial court's order striking defendants' jury demand. With its response to the motion, Irving submitted an affidavit of one of its attorneys, which stated that the first mention of defendants' jury demand in open court was made on August 30, 1988. The motion for reconsideration was denied.

Following a bench trial, judgment was entered in favor of Irving on defendants' third-party complaint.

Defendants contend on appeal that their jury demand was timely filed under section 2—1105(a) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1105(a)). Alternatively, defendants maintain that they had good cause for waiting until August 3, 1988, to file a jury demand.

██ Section 2—1105(a) provides:

"§2—1105. Jury demand. (a) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer. Otherwise, the party waives a jury. If an action is filed seeking equitable relief and the court thereafter determines that one or more of the parties is or are entitled to a trial by jury, the plaintiff, within 3 days from the entry of such order by the court, or the defendant, within 6 days from the entry of such order by the court, may file his or her demand for trial by jury with the clerk of the court. If the plaintiff files a jury demand and thereafter waives a jury, any defendant and, in the case of multiple defendants, if the defendant who filed a jury demand thereafter waives a jury, any other defendant shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver and upon payment of the proper fees, if any, to the clerk." Ill. Rev. Stat. 1987, ch. 110, par. 2—1105(a).

Defendants argue that, pursuant to the last sentence of section 2—1105(a), they were entitled to "promptly" demand a jury trial after plaintiff withdrew his jury demand in connection with the settlement of his claim. Defendants maintain that their demand was promptly made. We believe, as Irving has suggested, that defendants have misapplied section 2—1105(a). With respect to the claim at issue against Irving, defendants' stance was that of third-party plaintiffs rather than defendants.

██ Section 2—401(d) of the Civil Practice Law provides:

"(d) Unless a contrary meaning is indicated, wherever used in this Act and in rules adopted pursuant hereto the term 'plain-

tiff' includes counterclaimants and third-party plaintiffs, and the term 'defendant' includes third-party defendants and parties against whom relief is sought by counterclaim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—401(d).)

Accordingly, we believe that with respect to a jury demand on defendants' third-party claim, defendants are properly treated as plaintiffs under section 2—1105(a) as we find nothing in the Code of Civil Procedure or supreme court rules to indicate a contrary meaning. The third-party claim commences an action against a new party requiring additional pleadings and service of process. (Ill. Rev. Stat. 1987, ch. 110, par. 2—406.) Therefore, with respect to the third-party claim, defendants were required to make a jury demand upon filing their third-party complaint as provided in the first sentence of section 2—1105(a).

Defendants' jury demand, filed 11 months after the third-party complaint, was not timely. Accordingly, the proper inquiry is whether the trial court erred in striking the late jury demand. A party seeking to file a late jury demand must show good cause for the delay and an absence of prejudice or inconvenience. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 107, 382 N.E.2d 1205.) While Irving, as third-party defendant, might not have been prejudiced by the late demand since the cause had previously been set for a jury trial on plaintiff's jury demand (see *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 96, 382 N.E.2d 1201), defendants fail to show good cause for the late filing. Defendants have argued that there was good cause for the delay in view of their purported oral request for a jury trial on June 22, 1988, and Irving's announcement that it would file an objection, matters not contained in the record. This argument, however, is premised on defendants' erroneous view as to when the jury demand was required in the first instance. The record discloses no good cause for the delay subsequent to the filing of the third-party complaint, and, accordingly, the trial court did not abuse its discretion in striking the untimely jury demand.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and DUNN, JJ., concur.