T.C. Memo. 2010-77

UNITED STATES TAX COURT

PAUL NEAL JENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28191-07.          Filed April 15, 2010.

Paul Neal Jensen, pro se.

<u>Angela Friedman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  In a notice of deficiency, respondent
Commissioner of Internal Revenue (IRS) determined that petitioner
Paul Neal Jensen (Jensen) was liable for an income-tax deficiency
of $1,037 for the tax year 2005.  The issue for decision is
whether Jensen must recognize discharge-of-indebtedness income
because Citibank cancelled a debt of Jensen's in 2005.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated in this opinion by this reference. Jensen resided in Illinois at the time he filed his petition.

Jensen and his wife divorced in 2004. As both Jensen and the IRS assume, a debt obligation to Citibank arose before the divorce. We do not know much about the debt. For reasons explained below, we find that the original obligor was Jensen, not his ex-wife.

In 2004 Jensen and his wife entered into a divorce agreement under which his wife agreed to assume the Citibank debt:

> WIFE has incurred debts for the following entities:
> * * * Citibank * * * . * * * She shall be solely
> responsible for payment of all these debts and shall
> hold HUSBAND free, harmless and indemnified thereunder
> for these debts and for any costs incurred by HUSBAND
> because of these debts.

In 2005 Citibank forgave the debt, the dollar amount of which was by then $4,136. Citibank reported the forgiveness of the debt to the IRS on a Form 1099-C, an information return for cancelled debts, listing Jensen as the borrower.

## OPINION

Under section 61(a)(12) of the Internal Revenue Code, a taxpayer who is liable for a debt must recognize income when that debt is forgiven. The IRS claims that before the divorce, Citibank had made a loan to Jensen and that Jensen was liable for

the Citibank debt.  Jensen does not appear to seriously dispute that he was the original borrower.  Instead, he relies on the 2004 divorce agreement, an instrument that he claims placed the obligation to Citibank on the shoulders of his ex-wife.  Even putting aside whether Jensen has conceded this point, we find as a matter of fact that Jensen was the original borrower.  First, Jensen failed to introduce any documents concerning the original loan into the record, even though Jensen has the burden of proof.  See Rule 142(a), Tax Court Rules of Practice and Procedure.  Second, Citibank reported to the IRS in 2005 that the borrower was Jensen.  Third, Jensen testified that he has no correspondence from Citibank to show that he was "no longer" the borrower.  This suggests that Jensen was at one time the borrower.  The 2004 divorce agreement states that the Citibank debt was "incurred" by Jensen's ex-wife.  Although this might suggest that the ex-wife was the borrower, its meaning is unclear.

Jensen argues that the 2004 divorce agreement transferred liability for the debt to his wife.  Under state law, the divorce agreement gave Jensen a right of indemnification against his wife.  See Diaz v. Diaz, 403 N.E.2d 1219, 1221 (Ill. App. Ct. 1980).  The agreement did not relieve Jensen of liability to Citibank.  See Gibson v. Gibson, 219 Bankr. 195, 204-205 (Bankr. 6th Cir. 1998).  Thus, Jensen was still liable for the debt when

Citibank forgave the debt in 2005.  He was required to recognize the forgiven debt as income in 2005.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.