# Illinois Official Reports

## Appellate Court

---

### *Themas v. Green's Tap, Inc.*, 2014 IL App (2d) 140023

---

| | |
|---|---|
| Appellate Court Caption | GAIL THEMAS, Plaintiff-Appellant, v. GREEN'S TAP, INC., Defendant and Third-Party Plaintiff (Mt. Carroll Insurance Agency, Inc., Third-Party Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-14-0023 |
| Filed | August 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff sued defendant tavern for the loss of her fingertip in a fan and ask for a jury trial, and then the tavern filed a third-party complaint against its insurance agency alleging that the agency obtained dramshop insurance for defendant but failed to obtain general liability coverage, the agency answered the third-party complaint and demanded a jury trial and the tavern settled with plaintiff and assigned her its third-party claim against the agency, the trial court's subsequent judgment for the agency following a bench trial on the third-party complaint, after the agency withdrew its jury demand, was reversed and the cause was remanded for further proceedings on the ground that the trial court erred in disregarding plaintiff's jury demand and proceeding with a bench trial on the third-party complaint, since the jury demand plaintiff filed with her initial complaint applied to the assigned claim she had against the insurance agency. |
| Decision Under Review | Appeal from the Circuit Court of Carroll County, No. 08-L-15; the Hon. Daniel A. Fish, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | H. Kent Heller, of Heller, Holmes & Associates, P.C., of Mattoon, for appellant. |
|---|---|
| | Anthony J. Tunney and Robert E. Elworth, both of HeplerBroom, LLC, of Chicago, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Zenoff and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Gail Themas, appeals a judgment in favor of third-party defendant, Mt. Carroll Insurance Agency, Inc. (Mt. Carroll). She contends that the trial court erred by disregarding her jury demand and proceeding to a bench trial after she received the assignment of the original defendant's claim against Mt. Carroll. We reverse and remand.

¶ 2 Plaintiff initially sued defendant, Green's Tap, Inc., alleging that a fan at defendant's bar severed the tip of her finger. The complaint included a jury demand. Green's Tap filed a third-party complaint against Mt. Carroll, alleging that Mt. Carroll undertook to provide all necessary insurance for the bar business but provided only dramshop insurance and not general liability coverage. The third-party complaint did not contain a jury demand. Mt. Carroll answered and filed a jury demand.

¶ 3 Plaintiff and Green's Tap eventually settled, with Green's Tap agreeing to pay plaintiff a small cash settlement and assign her its claim against Mt. Carroll. Mt. Carroll then moved to withdraw its jury demand and to set the matter for a bench trial. Plaintiff objected, arguing that her jury demand filed with the original complaint covered the assigned claim against Mt. Carroll. The latter responded that plaintiff took the assigned claim as she found it and that Green's Tap had not filed a jury demand with the third-party complaint. The trial court agreed with Mt. Carroll and set the matter for a bench trial.

¶ 4 Following the bench trial, the court entered judgment for Mt. Carroll. Plaintiff timely appeals.

¶ 5 Plaintiff contends that the trial court erred by proceeding with a bench trial. She argues that her jury demand covered the later-assigned claim against Mt. Carroll and was unaffected by Mt. Carroll's later withdrawal of its own jury demand.

¶ 6 Mt. Carroll initially contends that we lack jurisdiction of this appeal. It notes that plaintiff's notice of appeal does not specify the granting of Mt. Carroll's motion to withdraw its jury demand as the order being appealed. Illinois Supreme Court Rule 303(b)(2) (eff. May 30, 2008) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from." A notice of appeal is deemed to include an unspecified interlocutory order if the earlier order was "a 'step in the procedural progression leading' to the judgment

specified in the notice of appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979) (quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977)).

¶ 7   Plaintiff responds that her notice of appeal correctly states that she is appealing from the judgment entered following a trial without a jury, and she adds that the earlier order allowing Mt. Carroll to withdraw its jury demand was at most a step in the procedural progression leading to the final judgment. We agree. The order allowing Mt. Carroll to withdraw its jury demand is relevant only as a procedural step leading to the final judgment. *Baldassari v. Chelsa Development Group, Inc.*, 195 Ill. App. 3d 1073 (1990), which Mt. Carroll cites in its argument on the merits, states that the defendants, who on appeal argued that they were denied their right to a jury trial, appealed "from the judgment entered against them" following a bench trial. *Id.* at 1074. We entertained the appeal. Thus, we conclude that, because an appeal from the final judgment entered following a bench trial is a proper way for plaintiff to appeal the denial of a jury trial, the notice of appeal here is proper.

¶ 8   Turning to the merits, the Illinois Constitution guarantees the right to a jury trial. *Hernandez v. Power Construction Co.*, 73 Ill. 2d 90, 94 (1978) (citing Ill. Const. 1970, art. I, § 13). Because the right is constitutional, courts liberally construe statutes regulating its exercise. *Id.* at 95; *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1091 (1993). A party is entitled to a jury trial and cannot be deprived of that right by any act of the adverse party or the trial court without an actual waiver of the right. *North American Provision Co. v. Kinman*, 288 Ill. App. 414, 417 (1937); see also *Aetna Screw Products Co. v. Borg*, 116 Ill. App. 3d 206, 213-14 (1983) (defendant who filed jury demand on issues of law could not be deprived of jury trial absent waiver or decision that equitable issues were *res judicata* of legal issues). Section 2-1105 of the Code of Civil Procedure provides that a plaintiff who desires a jury trial "must file a demand therefor with the clerk at the time the action is commenced." 735 ILCS 5/2-1105(a) (West 2012). The failure to do so waives a jury trial. *Id.*

¶ 9   The issue here is whether plaintiff's jury demand filed with her initial complaint applies to the assigned claim against Mt. Carroll. Mt. Carroll insists that, because plaintiff stepped into the shoes of Green's Tap, she must take the case as she found it, and she found it without Green's Tap having filed a jury demand. We disagree. To demonstrate why, we first consider the nature of the assignment of a claim.

¶ 10   A potential claim for damages such as the one here is a chose in action. See Black's Law Dictionary 258 (8th ed. 2004) (defining "chose in action" as: "A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort"). Choses in action are generally assignable. An assignment transfers title in the chose in action to the assignee, who becomes the real party in interest. 6 Am. Jur. 2d *Assignments* § 44 (2008). The assignee may sue in his or her own name. 735 ILCS 5/2-403(a) (West 2012).

¶ 11   Although we have found no case addressing the precise issue presented here, two things seem apparent from the foregoing. First, the chose in action that is assigned consists of the claim for damages, not the lawsuit filed in pursuit of that claim. Second, the assignee becomes the owner of the claim and may pursue it in her own name like any other claim she might have. From this, we conclude that plaintiff's jury demand covered the subsequently assigned claim. Saying that the assignee steps into the shoes of the assignor means only that the assignment removes some legal impediment, such as lack of privity, to the assignee

pursuing the claim. It does not mean that the assignee takes the existing court case exactly as she finds it.

¶ 12 *Baldassari*, on which Mt. Carroll chiefly relies, does not compel a different result. There, the plaintiff sued the defendants, alleging fraudulent misrepresentation and breach of contract in connection with a limited partnership agreement. The defendants filed a third-party complaint against Irving Federal Savings & Loan Association, alleging the breach of a commitment to loan them $2 million. The plaintiff and the defendants eventually settled, with the plaintiff withdrawing his jury demand. The defendants then sought to file a jury demand but the trial court struck it as untimely. *Baldassari*, 195 Ill. App. 3d at 1074. We affirmed. *Id.* at 1077.

¶ 13 Mt. Carroll insists that *Baldassari* stands for the proposition that a third-party complaint is a separate action requiring a separate jury demand. We disagree. In *Baldassari*, the defendants never timely filed a jury demand, either when they answered the original complaint (although one was not necessary at that time because the plaintiff had already filed one) or when they filed their third-party complaint. Indeed, after the plaintiff withdrew his jury demand, the defendants waited more than a month before filing their own. We held that the trial court properly struck it as untimely. Thus, *Baldassari* holds only that the defendants never filed a timely jury demand. *Id.* at 1076-77; see also *Drovers National Bank of Chicago v. Ferrell*, 14 Ill. App. 3d 389, 393 (1973) (defendant did not file jury demand with third-party complaint). *Baldassari* did not involve the assignment of the third-party claim to a party who already had a jury demand on file and thus does not support Mt. Carroll's contention that a third-party claim is a separate action to which a previously filed jury demand does not apply.

¶ 14 The judgment of the circuit court of Carroll County is reversed, and the cause is remanded for further proceedings.

¶ 15 Reversed and remanded.