2022 IL App (1st) 210623

FIRST DISTRICT
FIFTH DIVISION
October 28, 2022

No. 1-21-0623

| | | |
|---|---|---|
| *In re* MARRIAGE OF CULLEN DAVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner, | ) | Cook County. |
| | ) | |
| and | ) | |
| | ) | No. 16 D 7081 |
| TRACY DAVIS, | ) | |
| | ) | |
| Respondent and Judgment Debtor-Appellant, | ) | |
| | ) | |
| | ) | Honorable |
| (Schiller DuCanto & Fleck LLP, Judgment | ) | John T. Carr, |
| Creditor-Appellee). | ) | Judge presiding. |

JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Presiding Justice Connors and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    Tracy Davis appeals from an order granting Schiller DuCanto & Fleck LLP's two motions for turnover, which sought to satisfy the outstanding fees that Tracy Davis owed her former divorce lawyers. She raises two issues: (1) did the circuit court err in ordering the turnover of real property when that property had not yet been transferred to Tracy Davis under the marital settlement agreement, and (2) did the circuit court err in ordering the turnover of a lump sum of cash due but not yet paid under the marital settlement agreement? For the following reasons, we affirm.[1]

---

[1] Schiller DuCanto seeks to strike Tracy Davis's brief for failing to include "citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Striking a brief is appropriate only when the violations of the rules hinder our review, which here is not the case. *Affiliated Health Group, Ltd. v. Devon Bank*, 2016 IL App (1st) 152685, ¶ 15.

¶ 2      In June 2018, Cullen Davis and Tracy Davis ended their marriage after years of litigation, in which Tracy Davis incurred over $400,000 in attorney fees owing to Schiller DuCanto & Fleck LLP (Schiller DuCanto)—the firm that represented her for two years in the divorce. Cullen Davis and Tracy Davis executed a marital settlement agreement that resolved their outstanding financial issues, and subsequently, the circuit court entered a judgment for dissolution of marriage incorporating the marital settlement agreement by reference.

¶ 3      At that point, Tracy Davis owed Schiller DuCanto $383,734.15 in legal fees. Schiller DuCanto petitioned for final fees and costs and obtained a consent judgment against Tracy Davis in the amount of $325,000. Schiller DuCanto then issued citations to discover assets on Tracy Davis; Cullen Davis, individually and as trustee of his revocable trust; and other third-party financial institutions. In November 2019, Schiller DuCanto filed two motions for turnover seeking to satisfy the $325,000 judgment. The first motion sought turnover of real property located at 2131 North Hudson Avenue, Chicago, where Cullen Davis and Tracy Davis resided. The second motion sought turnover of Tracy Davis's chose in action against Cullen Davis related to a $500,000 lump-sum payment due under the marital settlement agreement. After a hearing, the circuit court granted both motions for turnover in favor of Schiller DuCanto. Tracy Davis timely appealed. Ill. S. Ct. R. 304(b)(4) (eff. Mar. 8, 2016); R. 303(a) (eff. July 1, 2017).

¶ 4      Tracy Davis argues that the circuit court erred in granting Schiller DuCanto's motions for turnover. Where, as here, the circuit court did not conduct an evidentiary hearing or make any findings of fact, we review the court's ruling in supplementary proceedings *de novo*. *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007).

¶ 5      Section 2-1402 of the Code of Civil Procedure (Code) allows a judgment creditor to prosecute "citations to discover assets for the purposes of examining the judgment debtor or any

other person to discover assets or income of the debtor." 735 ILCS 5/2-1402(a) (West 2020).

Courts are to construe section 2-1402 liberally, and the statute gives courts "broad powers to

compel the application of discovered assets or income to satisfy a judgment." *Stonecrafters, Inc.*

*v. Wholesale Life Insurance Brokerage, Inc.*, 393 Ill. App. 3d 951, 958 (2009).

¶ 6                                     A. Turnover of Real Property

¶ 7     Tracy Davis contends that the circuit court erred in granting the motion for turnover of the

Hudson property because Schiller DuCanto is not a party to the marital settlement agreement and

thus does not have standing to enforce its terms. That agreement provided that the parties shall

transfer title of the Hudson property to Tracy Davis within 30 days of the entry of the judgment of

marriage dissolution. Tracy Davis maintains that the Hudson property has not been transferred to

her, such that if Schiller DuCanto were to compel Tracy Davis to turn over the property, it would

have to enforce the terms of the marital settlement agreement.

¶ 8     Schiller DuCanto filed a citation to discover assets as provided under section 2-1402 of the

Code. 735 ILCS 5/2-1402 (West 2020). When the judgment creditor discovers the debtor's assets,

the section empowers the court to compel any cited person to deliver up the discovered assets of

the judgment debtor:

    "When assets or income of the judgment debtor not exempt from the satisfaction of a

    judgment, a deduction order or garnishment are discovered, the court may ***

        *** *[c]ompel any person cited*, other than the judgment debtor, to deliver up any

        assets so discovered, to be applied in satisfaction of the judgment, in whole or in

        part, when those assets are held under such circumstances that *in an action by the*

        *judgment debtor he or she could recover them* in specie or obtain a judgment for

the proceeds or value thereof as for conversion or embezzlement." (Emphases added.) *Id.* § 2-1402(c)(3).

Put simply, if a third party is holding assets that belong to the judgment debtor, the court may "summarily compel the application of discovered assets or income to the satisfaction of the judgment, as long as the judgment debtor would have the right to recover such assets from the third party." *Mid-American Elevator Co., Inc. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 587 (1996).

¶ 9     Tracy Davis relies on two cases for the proposition that third parties do not have standing to enforce or otherwise compel compliance with a divorce decree or marital settlement agreement, but the cases are distinguishable. In *In re Marriage of Garrison*, 99 Ill. App. 3d 717 (1981), a son petitioned to enforce a provision in his parents' divorce decree requiring his mother to create a trust for the son. *Id.* at 718-19. It was not a petition brought by a judgment creditor in a supplementary proceeding, as here, and the court relied on section 511 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/511 (West 2020)) to hold that a nonparty could not enforce a dissolution judgment. *Garrison*, 99 Ill. App. 3d at 720-21.

¶ 10    In *Diaz v. Diaz*, 83 Ill. App. 3d 341 (1980), a judgment creditor-bank sought to enforce a provision in a divorce decree by filing a petition for rule to show cause in the divorce case as well as a separate citation to discover assets. *Id.* at 342-43. The court affirmed the dismissal of the petition for rule to show cause because the bank was not a party to the divorce case and could not use the contempt process to enforce the decree. *Id.* at 343. However, as to the separately filed citation to discover assets, the court reversed the dismissal of the citation and remanded for further supplementary proceedings to enforce the bank's judgment. *Id.* at 344. Thus, while the bank's petition to enforce the divorce decree outright in the divorce case was rejected, its efforts as a judgment creditor to statutorily enforce the judgment were upheld. *Id.*

¶ 11    The parties do not dispute that Tracy Davis is entitled to the Hudson property under the marital settlement agreement. Tracy Davis also concedes that the only way for Schiller DuCanto to subject the Hudson property to turnover is to compel Cullen Davis to transfer title to Tracy Davis pursuant to the agreement's terms. This is precisely what the plain language of section 2-1402(c)(3) permits: Tracy Davis, as a party to the marital settlement agreement, has an unequivocal right to enforce the agreement, and Schiller DuCanto, as the judgment creditor, may step into her shoes and exercise that right to compel the transfer of the Hudson property from Cullen Davis. Further, there is nothing in the statute that prohibits the application of section 2-1402(c)(3) in the dissolution of marriage context. Accordingly, the circuit court properly exercised its power under section 2-1402(c)(3) in granting Schiller DuCanto's motion for turnover of the Hudson property. 735 ILCS 5/2-1402(c)(3) (West 2020).

¶ 12                              B. Turnover of Chose in Action

¶ 13    Regarding the second motion for turnover, Tracy Davis contends that the circuit court erred in granting the motion because she does not have a "chose in action" subject to turnover. In supplementary proceedings under section 2-1402, the court also has a power to "[c]ompel the judgment debtor to deliver up *** choses in action *** so discovered." 735 ILCS 5/2-1402(c)(1) (West 2018). The chose in action Schiller DuCanto sought from Tracy Davis relates to Cullen Davis's obligation under the marital settlement agreement to make a lump-sum payment of $500,000 to Tracy Davis.

¶ 14    A "chose in action" is a legal claim: the right to bring a lawsuit to recover on a debt, a claim for damages, or other claim to recover property. Bogert's the Law of Trusts and Trustees § 115 (George Gleason Bogert *et al.* eds., 3d ed. 2000) ("Choses in action" may include "notes, bonds, obligations under other contracts."); Restatement (Second) of Contracts § 316, cmt. a (1981) ("In

its primary sense [chose in action] includes debts of all kinds, tort claims, and rights to recover ownership or possession of real or personal property ***.”). Illinois law has recognized the concept of a chose in action for well over a century, even if in manner that one commentary has characterized as “surprisingly vague.” Andrew R. Schwartz & John Cerney, *Literally Taking the Case*, 108 Ill. B.J. 24, 25 (2020). Indeed, one Illinois case defined a chose in action as including “the almost infinite variety of contracts, covenants and promises, which confer on one party a right to recover a personal chattel or a sum of money from another by action.” (Internal quotation marks omitted.) *Chaffin v. Nichols*, 211 Ill. App. 109, 115 (1918).

¶ 15    In a more recent case, an Illinois court sought to distinguish a “potential” chose in action and described a “chose” as “an issue that has been the subject of litigation or, at the very least, is in the process of being litigated.” *Gonzalez v. Profile Sanding Equipment, Inc.*, 333 Ill. App. 3d 680, 694 (2002). There, the court confronted the assignment of a legal malpractice claim (which was void as against public policy), but the court also suggested that the contingent nature of the malpractice claim rendered it too indefinite to constitute a chose in action. *Id.* at 691, 695. *Gonzalez* effectively held that a nonassignable claim could not be subject to turnover. See *id.* at 695-97. It would be a mistake, however, to suggest that a chose in action must be actively litigated or reduced to a judgment. Rather, the point is that a chose in action is a claim that *could* be litigated. See *Themas v. Green's Tap, Inc.*, 2014 IL App (2d) 140023, ¶ 11 (“[T]he chose in action that is assigned consists of the claim for damages, *not the lawsuit filed in pursuit of that claim*.” (emphasis added)); see also Schwartz & Cerney, *supra* at 27 (“Illinois treats the turnover of a chose in action as a 'compelled assignment,' and a judgment creditor cannot execute upon a 'non-assignable' right by turnover motion.”).

¶ 16    Here, there is nothing indefinite about Tracy Davis's right to receive the $500,000 lump-sum cash payment from Cullen Davis—it is memorialized in the marital settlement agreement. That agreement is contractual in nature (*Blum v. Koster*, 235 Ill. 2d 21, 33 (2009)), and contract rights may be assigned (*Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 225 (1998)). The agreement unequivocally establishes Tracy Davis's contractual right to bring an action to receive that payment.

¶ 17    Similarly, the marital settlement agreement provides another contractual right in the event of nonpayment: Cullen Davis is to pay Tracy Davis an additional $2500 per month. Tracy Davis argues that the "self-executing" language in that provision renders it enforceable without judicial action so it does not constitute a chose in action. Not so. The settlement agreement provides that this penalty provision does not require a court order "in its initiation and conclusion," but enforcement would nonetheless require judicial intervention. Tracy Davis has a chose in action for this payment as well. Accordingly, Tracy Davis's claim against Cullen Davis with respect to his failure to pay the $500,000 lump sum is a chose in action that she may be compelled to deliver up to the judgment creditor under section 2-1402. 735 ILCS 5/2-1402(c)(1) (West 2020). The circuit court thus did not err in granting the motion for turnover of Tracy Davis's chose in action against Cullen Davis.

¶ 18    The judgment of the circuit court of Cook County is affirmed.

¶ 19    Affirmed.

**No. 1-21-0623**

*In re Marriage of Davis*, 2022 IL App (1st) 210623

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-D-7081; the Hon. John Thomas Carr, Judge, presiding. |
| **Attorneys for Appellant:** | R. Timothy Novel and Benjamin E. Haskin, of Aronberg Goldgehn Davis & Garmisa, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Michele M. Jochner and Thomas F. Villanti, of Schiller Du Canto & Fleck LLP, of Chicago, and Law Offices of Ira N. Helfgot, of Chicago, for appellee. |